

FILED

99 OCT 12 AM 8:31

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRANS CONTINENTAL RECORDS, INC., BMG
ENTERTAINMENT, BMG ARIOLA MUENCHEN GmbH,
TRANS CONTINENTAL ENTERTAINMENT, INC.
and LOUIS J. PEARLMAN,                              CIVIL ACTION NO.
                                                    99-1282-Civ-Orl-22C
                 Plaintiffs,

vs.

ZOMBA RECORDING CORPORATION,
CLIVE CALDER, JAMES LANCE BASS,
JOSHUA SCOTT CHASEZ, JOSEPH
ANTHONY FATONE, JR.,
CHRISTOPHER ALAN KIRKPATRICK,
and JUSTIN RANDALL TIMBERLAKE ,

                 Defendants.
_____/

## MOTION FOR PRELIMINARY INJUNCTION
## AND REQUEST FOR ORAL ARGUMENT

Pursuant to Fed. R. Civ. P. 65(a), and Local Rule 4.06, Plaintiffs, BMG ENTERTAINMENT and BMG ARIOLA MUENCHEN GmbH (collectively "BMG"), by and through its undersigned counsel, submit the declarations of Mr. Robert Jamieson and Mr. Vincent Degiorgio with exhibits annexed thereto, the Plaintiffs' Memorandum of Law, and the Complaint with the exhibits annexed thereto, and

hereby move this Court for a preliminary injunction to be entered against Defendants, JAMES LANCE BASS, JOSHUA SCOTT CHASEZ, JOSEPH ANTHONY FATONE, JR., CHRISTOPHER ALAN KIRKPATRICK, JUSTIN RANDALL TIMBERLAKE (hereinafter collectively referred to as the "Group Members" or "Group Member Defendants"), ZOMBA RECORDING CORPORATION ("Zomba"), and CLIVE CALDER ("Calder"). Plaintiffs seek a preliminary injunction during the pendency of this action which:

1. Restrains and enjoins Zomba, the Group Members, and Calder, their respective agents, and all those who act in concert with them, from using, displaying or in any matter exploiting, the 'N SYNC Mark, or any variation or derivative of such Mark, in connection with a musical group and with all recording, publishing, merchandising, television, video, motion picture, live performance, promotional, advertising and other activities related to the activities of the musical group known as 'N SYNC ("Group") in the entertainment industry, other than pursuant to the Exclusive Recording Agreement between Trans Continental Records, Inc. ("Trans Continental") and the Group Members dated as of and about April 29, 1996, (the "Exclusive Recording Agreement") and certain related agreements among and between Plaintiffs or their affiliates and Defendants.

2. Restrains and enjoins all Defendants, their agents and representatives, and all those acting in concert with them, from: (i) prosecuting any

trademark application, including an intent to use trademark application No. TM 75/712737 for registration of the 'N SYNC Mark (the "Unauthorized Trademark Application"), to obtain registration, in any forum, of the 'N SYNC Mark, or any variation or derivative of such Mark; and (ii) engaging in any acts which undermine, impair or otherwise create a cloud on Plaintiffs' rights in and to the 'N SYNC Mark and to commercially exploit the Mark;

3. Restrains and enjoins Zomba, its employees, and Calder and their respective agents and representatives, and all those acting in concert with them, from effectuating a purported multi-record agreement between the Group Members and Zomba and/or its label Jive Records (the "Zomba Recording Agreement"), including but not limited to using the master recordings that the Group Members caused to be produced beginning in or about May 1999 and continuing thereafter (the "New Master Recordings") and manufacturing, causing to be manufactured, offering for sale, or selling recordings derived, in whole or in part, from the New Master Recordings, or any other recordings of the Group, and from entering into or effectuating any other performing, recording, license, distribution or other agreements with any of the Group Members, and soliciting, inducing or otherwise taking any actions to cause the Group Members to make any appearances, make or participate in any live performances, or audio or video recordings, or participate in the manufacture, distribution or sale of any recordings, videos or other merchandise

other than with or through Trans Continental in accordance with the terms of the Exclusive Recording Agreement.

4. Restrains and enjoins the Group Members, and each of them, their agents and representatives and all those acting in concert with them, from: (i) effectuating, directly or indirectly, in any manner whatsoever, the Zomba Recording Agreement, including but not limited to using the New Master Recordings and manufacturing, causing to be manufactured, offering for sale, or selling recordings derived, in whole or in part, from the New Master Recordings, or any other recordings of the Group; (ii) entering into, or effectuating, any performing, recording, license, distribution or other agreements with any person or entity, or making or participating in the making of any recordings or videos with any person or entity, which would be inconsistent with or in violation of the terms of the Exclusive Recording Agreement and Trans Continental's rights thereunder, including but not limited to the Zomba Recording Agreement; (iii) entering into any agreement with any person or entity, including but not limited to Winterland Productions, Inc. ("Winterland"), with respect to merchandising or marketing of the Group, which would be inconsistent with or in violation of the terms of the Exclusive Recording Agreement or the merchandising agreement between Trans Continental and Winterland dated as of or about November 30, 1998 (the "Winterland Agreement"), and Trans Continental's rights thereunder; (iv)

communicating to any third party that the Exclusive Recording Agreement has been terminated or otherwise impairing or interfering with Trans Continental's rights under the Exclusive Recording Agreement; and (v) entering into any agreement which would subvert or interfere with validly existing rights under the license agreement between BMG and Trans Continental dated as of August 1, 1996 (the "BMG License Agreement") and the Exclusive Recording Agreement.

### REQUEST FOR ORAL ARGUMENT

Plaintiffs, by and through their undersigned counsel, respectfully request the opportunity to submit argument of counsel in support of this motion pursuant to Local Rule 4.06(b).

Respectfully submitted,

*[signature]*

William B. Wilson, Esquire
Florida Bar No. 153167
Holland & Knight LLP
200 S. Orange Avenue, Suite 2600
Post Office Box 1526
Orlando, FL 32802-1526
(407) 425-8500

*[signature]*

Steven M. Hayes, Esquire (SH 2926)
Orin Synder, Esquire (OS 3122)
Parcher, Hayes & Snyder, P.C.
500 Fifth Avenue, 38th Floor
New York, NY 10110
(212) 382-0200

Attorneys for Plaintiffs, BMG Entertainment
and BMG Ariola Muenchen GmbH

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRANS CONTINENTAL RECORDS, INC., BMG
ENTERTAINMENT, BMG ARIOLA MUENCHEN GmbH,
TRANS CONTINENTAL ENTERTAINMENT, INC.
and LOUIS J. PEARLMAN,                                CIVIL ACTION NO.
                                                      99-1282-Civ-Orl-22C
                Plaintiffs,

vs.

ZOMBA RECORDING CORPORATION,
CLIVE CALDER, JAMES LANCE BASS,
JOSHUA SCOTT CHASEZ, JOSEPH
ANTHONY FATONE, JR.,
CHRISTOPHER ALAN KIRKPATRICK,
and JUSTIN RANDALL TIMBERLAKE,

                Defendants.
_____/

## PRELIMINARY INJUNCTION

Plaintiffs, BMG ENTERTAINMENT and BMG ARIOLA MUENCHEN GmbH (collectively "BMG"), having moved for a preliminary injunction under the Lanham Act (15 U.S.C. §1051), and this Court having the authority pursuant to Rule 65 of the Federal Rules of Civil Procedure, and Local Rule 4.06, and the Court having reviewed the Complaint, Memorandum of Law, Declarations and Exhibits submitted herewith, it is hereby **ORDERED and ADJUDGED:**

1. As set forth in the Complaint, BMG and Trans Continental Records, Inc. ("Trans Continental"), Trans Continental Entertainment, Inc. ("TCE") and Louis J. Pearlman ("Pearlman") have filed a lawsuit against the Defendants for Federal trademark infringement under 15 U.S.C. §1114 (Count I); for trademark infringement and false designation of origin in violation of 15 U.S.C. §1125(a) (Count II); for trademark dilution under 15 U.S.C. §1125(c) (Count III); for trademark infringement under §495.131 of the Florida Statutes (Count IV); for trademark dilution under §495.151 of the Florida Statutes (Count V); for relief pursuant to Florida's Deceptive and Unfair Practices Act (Count VI); for breach of contract (Count VII); for breach of express warranty (Count VIII); for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 (Count IX); for tortious interference with contract against Defendants Zomba Recording Corporation ("Zomba") and Clive Calder ("Calder") (Count X); for conversion (Count XI); for tortious interference with the merchandising agreement between Trans Continental Records Inc. and Winterland Productions, Inc. ("Winterland") dated as of or about November 30, 1998 (the "Winterland Agreement") (Count XII); and for unfair competition and tortious interference (Count XIII);

2. This Court has jurisdiction over the Plaintiffs, BMG, Trans Continental, TCE and Pearman , and the Defendants, James Lance Bass, Joshua Scott Chasez, Joseph Anthony Fatone, Christopher Alan Kirkpatrick, and Justin Randall Timberlake (the "Group Members"), Zomba, and Calder, and over the

subject matter of the foregoing action pursuant to the provisions of 15 U.S.C. §1121 and 28 U.S.C. §§1331(a) and 1338, and under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §1367;

3. BMG is substantially likely to succeed on the merits on each of the counts in which it seeks injunctive relief;

4. The Defendants continued infringement on Plaintiffs' valuable trademark rights in the 'N SYNC Mark and breach of their contractual obligations owed to the Plaintiffs will result in immediate and irreparable injury to BMG;

5. The harm to BMG from denying the Motion for Preliminary Injunction outweighs the harm to any legitimate interest of the Defendants;

6. It is in the public interest to enter a preliminary injunction against the Defendants to avoid confusion in the marketplace regarding the exclusive rights to manufacture and distribute recordings under the 'N SYNC Mark.

**IT IS FURTHER ORDERED AND ADJUDGED** that a preliminary injunction is in place during the pendency of this action:

1. Restraining and enjoining Zomba, the Group Members, and Calder, their respective agents, and all those who act in concert with them, from using, displaying or in any matter exploiting, the 'N SYNC Mark (the "Mark"), or any variation or derivative of such mark, in connection with a musical group and with all recording, publishing, merchandising, television, video, motion picture, live performance, promotional, advertising and other activities related to the activities

of the musical group known as 'N SYNC (the "Group") in the entertainment industry, other than pursuant to the Exclusive Recording Agreement between Trans Continental and the Group Members dated as of and about April 29, 1996 (the "Exclusive Recording Agreement") and certain related agreements among and between Plaintiffs or their affiliates and Defendants.

2. Restraining and enjoining all Defendants, their agents and representatives, and all those acting in concert with them, from: (i) prosecuting any trademark application, including an intent to use trademark application No. TM 75/712737, for registration of the 'N SYNC Mark (the "Unauthorized Trademark Application"), to obtain registration, in any forum, of the 'N SYNC Mark, or any variation or derivative of such Mark; and (ii) engaging in any acts which undermine, impair or otherwise create a cloud on Plaintiffs' rights in and to the 'N SYNC Mark and to commercially exploit the Mark;

3. Restraining and enjoining Zomba, its employees, Calder, their respective agents and representatives, and all those acting in concert with it, from effectuating a purported multi-record agreement between the Group Members and Zomba and/or its label, Jive Records (the "Zomba Recording Agreement"), including but not limited to using the master recordings that the Group members caused to be produced beginning in or about May 1999 and continuing thereafter (the "New Master Recordings") and manufacturing, causing to be manufactured, offering for sale, or selling recordings derived, in whole or in part, from the New Master

4

Recordings, or any other recordings of the Group, and from entering into or effectuating any other performing, recording, license, distribution or other agreements with any of the Group Members, and soliciting, inducing or otherwise taking any actions to cause the Group Members to make any appearances, make or participate in any live performances, or audio or video recordings, or participate in the manufacture, distribution or sale of any recordings, videos or other merchandise other than with or through Trans Continental in accordance with the terms of the Exclusive Recording Agreement.

4. Restraining and enjoining the Group Members, and each of them, their agents and representatives and all those acting in concert with them, from: (i) effectuating, directly or indirectly, in any manner whatsoever, the Zomba Recording Agreement, including but not limited to using the New Master Recordings and manufacturing, causing to be manufactured, offering for sale, or selling recordings derived, in whole or in part, from the New Master Recordings, or any other recordings of the Group; (ii) entering into, or effectuating, any performing, recording, license, distribution or other agreements with any person or entity, or making or participating in the making of any recordings or videos with any person or entity, which would be inconsistent with or in violation of the terms of the Exclusive Recording Agreement and Trans Continental's rights thereunder, including but not limited to the Zomba Recording Agreement; (iii) entering into any agreement with any person or entity, including but not limited to Winterland

Productions, Inc. ("Winterland"), with respect to merchandising or marketing of the Group, which would be inconsistent with or in violation of the terms of the Exclusive Recording Agreement or the Winterland Agreement and Trans Continental's rights thereunder; (iv) communicating to any third party that the Exclusive Recording Agreement has been terminated or otherwise impairing or interfering with Trans Continental's rights under the Exclusive Recording Agreement; and (v) entering into any agreement which would subvert or interfere with validly existing rights under the license agreement between BMG and Trans Continental dated as of August 1, 1996 (the "BMG License Agreement") and the Exclusive Recording Agreement.

**IT IS FURTHER ORDERED** that the Plaintiffs, within ten days of entry of this Order, shall post a corporate surety bond, cash or certified or attorneys check, in the amount of $_____ as security, as adequate for the payment of such damages as the Defendants may be entitled to recover as a wrongful issuance of the above preliminary injunction.

**DONE and ORDERED** this \_\_\_\_ day of _____, 1999, in the Middle District of Florida, Orlando Division.

_____
United States District Court Judge

ORL1 #503689 v1

6