

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

99 OCT 12 AM 8:31

TRANS CONTINENTAL RECORDS, INC.,
BMG ENTERTAINMENT, BMG ARIOLA
MUENCHEN GmbH, TRANS CONTINENTAL
ENTERTAINMENT, INC. and LOUIS J.
PEARLMAN,

                     Plaintiffs,

v.

ZOMBA RECORDING CORPORATION,
CLIVE CALDER, JAMES LANCE BASS,
JOSHUA SCOTT CHASEZ, JOSEPH
ANTHONY FATONE, JR., CHRISTOPHER
ALAN KIRKPATRICK, and JUSTIN RANDALL
TIMBERLAKE,

                     Defendants.

CIVIL ACTION NO.
99-1282-Civ-Orl-22C

## MOTION FOR PRELIMINARY INJUNCTION
## AND REQUEST FOR ORAL ARGUMENT

Pursuant to Fed. R. Civ. P. 65(a), and Local Rule 4.06, Plaintiffs, TRANS CONTINENTAL RECORDS, INC., TRANS CONTINENTAL ENTERTAINMENT, INC., and LOUIS J. PEARLMAN (collectively "Plaintiffs"), by and through their undersigned counsel, submit the declaration of Mr. Louis J. Pearlman with exhibits annexed thereto, the Plaintiffs' Memorandum of Law, and the Complaint with the exhibits annexed thereto, and hereby moves this Court for a preliminary injunction to be entered against, Defendants, JAMES LANCE BASS, JOSHUA SCOTT CHASEZ, JOSEPH ANTHONY FATONE, JR., CHRISTOPHER ALAN KIRKPATRICK, and JUSTIN RANDALL TIMBERLAKE (collectively "Group

8

Members" or "Group Member Defendants"), ZOMBA RECORDING CORPORATION ("Zomba") and CLIVE CALDER ("Calder"). Plaintiffs seek a preliminary injunction during the pendency of this action which:

1. Restrains and enjoins Zomba, the Group Members and Calder, their respective agents, and all those who act in concert with them, from using, displaying or in any matter exploiting, the 'N SYNC Mark, or any variations or derivative of such Mark, in connection with a musical group and with all recording, publishing, merchandising, television, video, motion picture, live performances, promotional advertising, and other activities related to the activities of the musical group known as 'N SYNC ("Group") in the entertainment industry, other than pursuant to the Exclusive Management Agreement between Trans Continental Entertainment, Inc., and Louis J. Pearlman, ("Pearlman") and the Group Members dated as of and about April 28, 1996, the Exclusive Artist Recording Agreement between Trans Continental Records, Inc. and the Group Members dated as of and about April 29, 1996, (the "Exclusive Artist Recording Agreement") and certain related agreements among and between Plaintiffs and their affiliates and the Defendants.

2. Restrains and enjoins all Defendants, their agents and representatives, and all those acting in concert with them, from (i) prosecuting any trademark application, including the intent to use trademark application number TM 75/712737 for registration of the 'N SYNC Mark (the Unauthorized Trademark Application") to obtain registration, in any forum, of the 'N SYNC Mark, or any variation or derivative of such Mark; and (ii) engaging in any acts which undermine, impair or otherwise create a cloud on Plaintiffs' rights in and to the Mark and to commercially exploit the Mark.

3. Restrains and enjoins Zomba, its employees and Calder, their respective agents and representatives, and all those acting in concert with them, from effectuating a purported multi-record agreement between the Group Members and Zomba and/or its label Jive Records ("the "Zomba Recording Agreement") including but not limited to using the master recordings that the Group Members caused to be produced beginning in or about May 1999 and continuing thereafter (the "New Master Recordings") and manufacturing, causing to the manufactured, offering for sale, or selling recordings derived, in whole or in part, from the New Master Recordings, or any other recording of the Group, and from entering into or effectuating any other performing, recording, license, distribution or other agreements with any of the Group Members, and soliciting, inducing, or otherwise taking any actions to cause the Group Members to make any appearances, make or participate in any live performances, or audio or video recordings, or participate in the manufacture, distribution or sale of any recordings, video recordings, video or other merchandise other than with or through Trans Continental Records, Inc., and Trans Continental Entertainment, Inc. (collectively "Trans Continental") in accordance with the terms of the Exclusive Management Agreement, Exclusive Artist Recording Agreement and certain related agreements.

4. Restrains and enjoins the Group Members, their agents and representatives and all those acting in concert with them, from (i) effectuating, directly or indirectly, in any manner whatsoever, the Zomba Recording Agreement, including but not limited to using the New Master Recordings and manufacturing, causing to be manufactured, offering for sale, or selling recordings derived in whole or in part, from the New Master Recordings, or any other recordings of the Group; (ii) entering into, or effectuating, any performing, recording, license, distribution or

other agreements with any person or entity, or making or participating in the making of any recordings or videos with any person or entity, which would be inconsistent with or in violation of the terms of the Exclusive Management Agreement, Exclusive Artist Recording Agreement and Trans Continental's rights thereunder, including but not limited to the Zomba Recording Agreement; (iii) entering into any agreement with any person or entity, including but not limited to Winterland Productions, Inc., ("Winterland"), with respect to merchandising or marketing of the Group, which would be inconsistent with or in violation of the terms of the Exclusive Artist Recording Agreement or the merchandising agreement between Trans Continental and Winterland dated as or about November 30, 1998 (the "Winterland Agreement") and Trans Continental's rights thereunder; (iv) communicating to any third party that the Exclusive Management Agreement, Exclusive Artist Recording Agreement and other related agreements have been terminated or otherwise impairing or interfering with Trans Continental's rights under the Exclusive Management Agreement, Exclusive Artist Recording Agreement , and other related agreements; and (v) entering into any agreement which would subvert or interfere with validly existing rights under the Exclusive Management Agreement, BMG License Agreement, Exclusive Artist Recording Agreement, and other certain related agreements.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs, by and through their undersigned counsel, respectfully request the opportunity to submit argument of counsel in support of this Motion pursuant to Local Rule 4.06(b).

For _____
J. CHENEY MASON, ESQUIRE
J. CHENEY MASON, P.A.
Florida Bar #: 131982
390 North Orange Avenue, Ste 2100
Orlando, Florida 32801
Phone No.: (407)843-5785
Facsimile No.: (407)422-6858

_____
WILLIAM B. PRINGLE, III, ESQ.
WILLIAM B. PRINGLE, III, P.A.
Florida Bar #: 777986
390 North Orange Avenue, Ste 2100
Orlando, Florida 32801
Phone No.: (407)843-3701
Facsimile No.: (407)650-1800

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRANS CONTINENTAL RECORDS, INC.,
BMG ENTERTAINMENT, BMG ARIOLA
MUENCHEN GmbH, TRANS CONTINENTAL
ENTERTAINMENT, INC. and LOUIS J.
PEARLMAN,

     Plaintiffs,

v.

ZOMBA RECORDING CORPORATION,
CLIVE CALDER, JAMES LANCE BASS,
JOSHUA SCOTT CHASEZ, JOSEPH
ANTHONY FATONE, JR., CHRISTOPHER
ALAN KIRKPATRICK, and JUSTIN RANDALL
TIMBERLAKE,

     Defendants.

CIVIL ACTION NO.

99-1282-Civ-Orl-22C

**PRELIMINARY INJUNCTION**

  Plaintiffs, TRANS CONTINENTAL RECORDS, INC., TRANS CONTINENTAL ENTERTAINMENT, INC., and LOUIS J. PEARLMAN (collectively "Plaintiffs") having moved for a preliminary injunction under the Lanham Act (15 U.S.C.--1051), and this Court having the authority pursuant to Rule 65 of the Federal Rules of Civil Procedure, and Local Rule 4.06, and the Court having reviewed the Complaint, Memorandum of Law, Declarations and Exhibits submitted herewith, it is hereby ORDERED and ADJUDGED:

  1.  As set forth in the Complaint, TRANS CONTINENTAL RECORDS, INC., TRANS CONTINENTAL ENTERTAINMENT, INC., and LOUIS J. PEARLMAN have filed a lawsuit against the Defendants for Federal trademark infringement under 15 U.S.C. Section 1114 (Count I);

for trademark infringement and false designation of origin in violation of 15 U.S.C. Section 1125(a) (Count II); for trademark dilution under 15 U.S.C. Section 1125(c) (Count III); for trademark infringement under Section 495.131 of the Florida Statutes (Count IV); for trademark dilution under Section 495.151 of the Florida Statutes (Count V); for relief pursuant to Florida's Deceptive and Unfair Practices Act (Count VI); for breach of contract (Count VII); for breach of express warranty (Count VIII); for declaratory judgment pursuant to 28 U.S.C. Section 2201 and 2202 (Count IX); for tortious interference with contract against Defendants Zomba and Calder (Count X); for conversion (Count XI); for tortious interference with the Winterland Agreement (Count XII); and for unfair competition and tortious interference (Count XIII);

2. This Court has jurisdiction over the Plaintiffs, TRANS CONTINENTAL RECORDS, INC., TRANS CONTINENTAL ENTERTAINMENT, INC., and LOUIS J. PEARLMAN, and the Defendants, Zomba, Calder, Bass, Chasez, Fatone, Kirkpatrick, and Timberlake and over the subject matter of the foregoing action pursuant to the provisions of 15 U.S.C. Section 1121 and 28 U.S.C. Section 1331(a) and 1338, and under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. Section 1367;

3. TRANS CONTINENTAL RECORDS, INC., TRANS CONTINENTAL ENTERTAINMENT, INC., and LOUIS J. PEARLMAN are substantially likely to succeed on the merits on each of the counts in which they seek injunctive relief;

4. The Defendants continued infringement on Plaintiffs' valuable trademark rights in the Mark 'N SYNC and breach of their contractual obligations owed to the Plaintiffs will result in immediate and irreparable injury to TRANS CONTINENTAL RECORDS, INC., TRANS CONTINENTAL ENTERTAINMENT, INC., and LOUIS J. PEARLMAN;

5. The harm to TRANS CONTINENTAL RECORDS, INC., TRANS CONTINENTAL

ENTERTAINMENT, INC. and LOUIS J. PEARLMAN from denying the Motion for Preliminary Injunction outweighs the harm to any legitimate interest of the Defendants;

6. It is in the public interest to enter a preliminary injunction against the Defendants to avoid confusion in the marketplace regarding the exclusive rights to manufacture and distribute recordings under the 'N SYNC Mark.

IT IS FURTHER ORDERED AND ADJUDGED that a preliminary injunction is in place during the pendency of this action:

1. Restraining and enjoining Zomba, the Group Members and Calder their respective agents, and all those who act in concert with them, from using, displaying or in any matter exploiting, the 'N SYNC Mark, or any variation or derivation of such Mark, in connection with a musical group and with all recording, publishing, merchandising, television, video, motion picture, live performance, promotional, advertising, and other activities related to the Group's activities in the entertainment industry, other than pursuant to the Exclusive Management Agreement, Exclusive Artist Recording Agreement, and certain related agreements among and between Plaintiffs or their affiliates and Defendants.

2. Restraining and enjoining all Defendants, their agents and representatives, and all those acting in concert with them, from: (i) prosecuting any trademark application, including the Unauthorized Trademark Application, to obtain registration, in any forum, of the 'N SYNC Mark, or any variation or derivative of such Mark; and (ii) engaging in any acts which undermine, impair or otherwise create a cloud on Plaintiffs' rights in and to the Mark and to commercially exploit the Mark;

3. Restraining and enjoining Zomba, its employees, Calder, their respective agents and representatives, and all those acting in concert with them, from effectuating the Zomba Recording

Agreement, including but not limited to using the New Master Recordings, and manufacturing, causing to be manufactured, offering for sale, or selling recordings derived, in whole or in part, from the New Master Recordings, or any other recordings of the Group, and from entering into or effectuating any other performing, recording, license, distribution or other agreements with any of the Group Members, and soliciting, inducing or otherwise taking any actions to cause the Group Members to make any appearances, make or participate in any live performances, or audio or video recordings, or participate in the manufacture, distribution or sale of any recordings, videos or other merchandise other than with or through Plaintiffs in accordance with the terms of the Exclusive Artist Recording Agreement and the Exclusive Management Agreement.

    4.  Restraining and enjoining the Group Members, their agents and representatives and all those acting in concert with them, from: (i) effectuating, directly or indirectly, in any manner whatsoever, the Zomba Recording Agreement, including but not limited to using the New Master Recordings and manufacturing, causing to be manufactured, offering for sale, or selling recordings derived, in whole or in part, from the New Master Recordings, or any other recordings of the Group; ii) entering into, or effectuating, any performing, recording, license, distribution or other agreements with any person or entity, or making or participating in the making of any recordings or videos with any person or entity, which would be inconsistent with or in violation of the terms of the Exclusive Artist Recording Agreement and Trans Continental's rights thereunder, including but not limited to the Zomba Recording Agreement; (iii) entering into any agreement with any person or entity, including but not limited to Winterland, with respect to merchandising or marketing of the Group, which would be inconsistent with or in violation of the terms of the Exclusive Artist Recording Agreement or the Winterland Agreement and Trans Continental's rights thereunder; (iv) communicating to any third party that the Exclusive Artist Recording Agreement has been

terminated or otherwise impairing or interfering with Trans Continental's rights under the Exclusive Artist Recording Agreement; and (v) entering into any agreement which would subvert or interfere with validly existing rights under the Exclusive Management Agreement, Exclusive Artist Agreement, BMG License Agreement and other certain related agreements.

IT IS FURTHER ORDERED that the Plaintiffs, within ten days of entry of this Order, shall post a corporate surety bond, cash or certified or attorneys check, in the amount of $_____ as security, as adequate for the payment of such damages as the Defendants may be entitled to recover in the event of wrongful issuance of the above preliminary injunction.

DONE and ORDERED this ___ day of _____, 1999, in the Middle District of Florida, Orlando Division.

_____
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRANS CONTINENTAL RECORDS,
INC., BMG ENTERTAINMENT, BMG
ARIOLA MUENCHEN GmbH, TRANS
CONTINENTAL ENTERTAINMENT,
INC. and LOUIS J. PEARLMAN,

    Plaintiffs,

vs..                                  Civil Action No.: 99-1282-Civ-Orl-22C

ZOMBA RECORDING CORPORATION,
CLIVE CALDER, JAMES LANCE BASS,
JOSHUA SCOTT CHASEZ, JOSEPH
ANTHONY FATONE, JR., CHRISTOPHER
ALAN KIRKPATRICK, and JUSTIN RANDALL
TIMBERLAKE ,

    Defendants.
_____/

### NOTICE OF HEARING ON PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION.

TO:  Zomba Recording Corporation
      Clive Calder
      James Lance Bass, 104 West Easthaven Circle, Brandon, MS 39042;
      Joshua Scott Chasez, 2746 Woodruff Drive, Orlando, FL 32837;
      Joseph Anthony Fatone, Jr., 2746 Woodruff Drive, Orlando, FL 32837;
      Christopher Alan Kirkpatrick, 7300 West Point Blvd., Apt. 723, Orlando, FL 32835;
      Justin Randall Timberlake, 303 Fawn Lake Drive, Millington, TN 38053;
      J. Cheney Mason, Esquire, 390 N. Orange Avenue, Suite 2100, Orlando, FL 32801;
      William B. Pringle, III, Esquire, 390 No Orange Avenue, Suite 2100, Orlando, FL 32801;
      William B. Wilson, Esquire, 200 S. Orange Avenue, Suite 2600, Orlando, FL 32802-1526;
      Steven M. Hayes, Esquire, 500 Fifth Avenue, 38th Floor, New York, NY 10110

YOU WILL PLEASE TAKE NOTICE that the undersigned will call up for hearing before the Honorable _____, Judge of the above-styled court, in chambers at Courtroom _____, United States District Court, 80 N. Hughey Avenue, Orlando, Florida, on _____, 1999, at _____ _.m., or as soon thereafter as counsel may be heard, the following Motion:

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION.**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail this _____ day of October, 1999 to the above addressees.

Richard D. Sletten, Clerk

By: _____
    Deputy Clerk

ORL1 #503280 v1