FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA -- ORLANDO DIVISION

99 NOV -2 PM 3: 58

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

TRANS CONTINENTAL RECORDS, INC., BMG
ENTERTAINMENT, BMG ARIOLA MUENCHEN
GmbH, TRANS CONTINENTAL ENTERTAINMENT,
INC., and LOUIS J. PEARLMAN,

Civil Action No.
99-1282-Civ-Orl-22C

**ANSWER**

                                 Plaintiffs,

                       v.

ZOMBA RECORDING CORPORATION, CLIVE
CALDER, JAMES LANCE BASS, JOSHUA SCOTT
CHASEZ, JOSEPH ANTHONY FATONE, JR.,
CHRISTOPHER ALAN KIRKPATRICK, and JUSTIN
RANDALL TIMBERLAKE,

                                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

    Zomba Recording Corporation ("Zomba") and Clive Calder ("Calder"),

by the undersigned counsel, for their answer to the complaint:

    1.  Deny each and every allegation of paragraph 1 of the complaint.

    2.  Deny each and every allegation of paragraph 2 of the complaint,

except admit that the recording industry is competitive and that some recording artists

are signed to genuine independent record companies such as Zomba.

    3.  Deny each and every allegation of paragraph 3 of the complaint.

    4.  Deny each and every allegation of paragraph 4 of the complaint,

except admit that plaintiffs purport to bring the action and seek the remedies described

therein.

24

5.     Deny each and every allegation of paragraph 5 of the complaint, except admit that Zomba has entered into an agreement ("the Zomba Recording Agreement") with Zeeks, Inc. for the services of James Lance Bass, Joshua Scott Chasez, Joseph Anthony Fatone, Jr., Christopher Alan Kirkpatrick and Justin Randall Timberlake, the musical group known as 'N SYNC, and that 'N SYNC has executed an Artists' Assent and Guaranty in connection with the Zomba Recording Agreement.

6.     Deny each and every allegation of paragraph 6 of the complaint.

7.     Deny each and every allegation of paragraph 7 of the complaint.

8.     Deny each and every allegation of paragraph 8 of the complaint, except admit that plaintiffs seek the relief and remedies described therein.

9.     Deny each and every allegation of paragraph 9 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the current residence of plaintiff Louis J. Pearlman ("Pearlman").

10.     Deny each and every allegation of paragraph 10 of the complaint, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the current state of incorporation and place of business of plaintiff Trans Continental Records, Inc. ("Transcon"), admit to information and belief that, in or before 1996, Transcon purported to bind 'N SYNC to an alleged contract providing for 'N SYNC to provide recordings to Transcon ("the Transcon Recording Agreement"), and respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its terms and conditions.

11.     Deny each and every allegation of paragraph 11 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the

allegations concerning the current legal status and principal places of business of plaintiffs BMG Entertainment ("BMG Music") and BMG Ariola Muenchen GmbH ("BMG Ariola"), and admits that BMG Ariola is a German record company and that BMG Music is one of the world's largest record companies engaged in the manufacture, production and distribution of records.

12.   Deny each and every allegation of paragraph 12 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of albums that 'N SYNC has sold to date and admit to information and belief that, without an Assent and Guaranty from 'N SYNC, Transcon purported to enter into an agreement with BMG Ariola.

13.   Deny each and every allegation of paragraph 13 of the complaint, except admit that Zomba is a New York corporation with its principal place of business in New York City, New York, engaged primarily in the production, distribution and sale of records throughout the United States and elsewhere, that BMG Music owns a minority interest in Zomba, and that Calder is a resident of the State of New York who has been active in the recording industry for many years.

14.   Deny each and every allegation of paragraph 14 of the complaint, except admit that defendants James Lance Bass, Joshua Scott Chasez, Joseph Anthony Fatone, Jr., Christopher Alan Kirkpatrick and Justin Randall Timberlake comprise 'N SYNC and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the current residence of each of them.

15.    Deny each and every allegation of paragraph 15 of the complaint, except admit that plaintiffs purport to base this Court's jurisdiction over this action as set forth therein.

16.    Deny each and every allegation of paragraph 16 of the complaint, except admit that plaintiffs purport to seek the relief requested therein.

17.    Deny each and every allegation of paragraph 17 of the complaint.

18.    Deny each and every allegation of paragraph 18 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unidentified contract to which the paragraph refers.

19.    Deny each and every allegation of paragraph 19 of the complaint.

20.    Deny each and every allegation of paragraph 20 of the complaint, except deny knowledge or information sufficient to form a belief concerning the truth of the allegations concerning the income and employment of 'N SYNC in 1995.

21.    Deny each and every allegation of paragraph 21 of the complaint.

22.    Deny each and every allegation of paragraph 22 of the complaint.

23.    Deny each and every allegation of paragraph 23 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

24.    Deny each and every allegation of paragraph 24 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

25.    Deny each and every allegation of paragraph 25 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

26.    Deny each and every allegation of paragraph 26 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

27.    Deny each and every allegation of paragraph 27 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

28.    Deny each and every allegation of paragraph 28 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

29.    Deny each and every allegation of paragraph 29 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

30.    Deny each and every allegation of paragraph 30 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

31.    Deny each and every allegation of paragraph 31 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

32.     Deny each and every allegation of paragraph 32 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

33.     Deny each and every allegation of paragraph 33 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

34.     Deny each and every allegation of paragraph 34 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

35.     Deny each and every allegation of paragraph 35 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

36.     Deny each and every allegation of paragraph 36 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions and deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the number of albums that 'N SYNC has sold.

37.     Deny each and every allegation of paragraph 37 of the complaint.

38.     Deny knowledge or information sufficient to form a belief about the truth of each and every allegation of paragraph 38 of the complaint.

39.     Deny knowledge or information sufficient to form a belief about the truth of each and every allegation of paragraph 39 of the complaint.

40.     Deny knowledge or information sufficient to form a belief about the truth of each and every allegation of paragraph 40 of the complaint.

41.     Deny knowledge or information sufficient to form a belief about the truth of each and every allegation of paragraph 41 of the complaint.

42.     Deny knowledge or information sufficient to form a belief about the truth of each and every allegation of paragraph 42 of the complaint, except admit to information and belief that, without an Assent and Guaranty from 'N SYNC, Transcon purported to enter into an agreement with BMG Ariola ("the BMG Ariola License") and respectfully refer the Court to the BMG Ariola License for a complete statement of its terms and conditions.

43.     Deny each and every allegation of paragraph 43 of the complaint, except respectfully refer the Court to the Letter of Acknowledgment dated August 1, 1996 for a complete statement of its contents.

44.     Deny each and every allegation of paragraph 44 of the complaint, except admit to information and belief that 'N SYNC recorded and released record albums and deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the sales of those albums.

45.     Deny each and every allegation of paragraph 45 of the complaint, except admit that 'N SYNC is a recognized name associated solely with the five members of 'N SYNC.

46.     Deny each and every allegation of paragraph 46 of the complaint, except admit that 'N SYNC recently completed a successful United States tour, has

engaged in tours abroad, and has made television appearances, including its own pay-per-view program and a featured performance on the 1999 MTV video award show.

47.    Deny each and every allegation of paragraph 47 of the complaint, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the claims of the federal registration to which the paragraph refers.

48.    Deny each and every allegation of paragraph 48 of the complaint.

49.    Deny each and every allegation of paragraph 49 of the complaint, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning Pearlman's worldwide effort to misappropriate the name 'N SYNC for himself.

50.    Deny each and every allegation of paragraph 50 of the complaint.

51.    Deny each and every allegation of paragraph 51 of the complaint.

52.    Deny each and every allegation of paragraph 52 of the complaint, except admit that 'N SYNC is a recognized name associated solely with the five members of 'N SYNC.

53.    Deny each and every allegation of paragraph 53 of the complaint, except admit to information and belief that, prior to or about March 1999, 'N SYNC had no counsel or advisors other than Pearlman and deny knowledge or information sufficient to form a belief about the truth of the allegations concerning discussions between Transcon and 'N SYNC in or about March 1999.

54.     Deny each and every allegation of paragraph 54 of the complaint, except admit to information and belief that, on May 26, 1999, 'N SYNC gave notice to Transcon terminating the Transcon Recording Agreement.

55.     Deny each and every allegation of paragraph 55 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning BMG Music's alleged and undisclosed intercompany licensing agreement.

56.     Deny each and every allegation of paragraph 56 of the complaint, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the number of albums that 'N SYNC sold.

57.     Deny each and every allegation of paragraph 57 of the complaint.

58.     Deny each and every allegation of paragraph 58 of the complaint.

59.     Deny each and every allegation of paragraph 59 of the complaint, except admits to information and belief that, following termination of the Transcon Recording Agreement, 'N SYNC negotiated with various other record companies for 'N SYNC's services.

60.     Deny each and every allegation of paragraph 60 of the complaint, except admit that Zomba entered into the Zomba Recording Agreement.

61.     Deny each and every allegation of paragraph 61 of the complaint.

62.     Deny each and every allegation of paragraph 62 of the complaint, except admits that, pursuant to the Zomba Recording Agreement, Zomba intends to release 'N SYNC's records.

63.     Deny each and every allegation of paragraph 63 of the complaint, except admits that, pursuant to the Zomba Recording Agreement, Zomba intends to promote 'N SYNC's records with reference to, among other things, the names and faces of 'N SYNC.

64.     Deny each and every allegation of paragraph 64 of the complaint.

65.     Deny each and every allegation of paragraph 65 of the complaint.

66.     Deny each and every allegation of paragraph 66 of the complaint.

67.     Deny each and every allegation of paragraph 67 of the complaint, except admit to information and belief that, after the Zomba Recording Agreement was publicly announced, BMG Music attempted tortiously to interfere with and to procure a breach of the Zomba Recording Agreement.

68.     Deny each and every allegation of paragraph 68 of the complaint, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning contacts between BMG Music and 'N SYNC prior to termination of the Transcon Recording Agreement.

69.     Deny each and every allegation of paragraph 69 of the complaint.

70.     Deny each and every allegation of paragraph 70 of the complaint.

71.     Deny each and every allegation of paragraph 71 of the complaint.

72.     Deny each and every allegation of paragraph 72 of the complaint.

73.     Deny each and every allegation of paragraph 73 of the complaint, except deny knowledge or information sufficient to form a belief concerning the truth of the allegations concerning the filing of an intent-to-use application on or about May 24, 1999.

74.     Deny each and every allegation of paragraph 74 of the complaint, except deny knowledge or information sufficient to form a belief concerning the truth of the allegations concerning the filing of an intent-to-use application on or about May 24, 1999.

75.     Deny knowledge or information sufficient to form a belief about the truth of each and every allegation of paragraph 75 of the complaint.

76.     Deny knowledge or information sufficient to form a belief about the truth of each and every allegation of paragraph 76 of the complaint.

77.     Deny knowledge or information sufficient to form a belief about the truth of each and every allegation of paragraph 77 of the complaint.

78.     With respect to the allegations of paragraph 78 of the complaint, repeat and reallege each and every response in paragraphs 1 through 77 of this answer as if fully set forth herein.

79.     Deny each and every allegation of paragraph 79 of the complaint.

80.     Deny each and every allegation of paragraph 80 of the complaint.

81.     Deny each and every allegation of paragraph 81 of the complaint.

82.     Deny each and every allegation of paragraph 82 of the complaint.

83.     Deny each and every allegation of paragraph 83 of the complaint.

84.     Deny each and every allegation of paragraph 84 of the complaint.

85.     With respect to the allegations of paragraph 85 of the complaint, repeat and reallege each and every response in paragraphs 1 through 84 of this answer as if fully set forth herein.

86.     Deny each and every allegation of paragraph 86 of the complaint.

87.     Deny each and every allegation of paragraph 87 of the complaint.

88.     Deny each and every allegation of paragraph 88 of the complaint.

89.     Deny each and every allegation of paragraph 89 of the complaint.

90.     With respect to the allegations of paragraph 90 of the complaint, repeat and reallege each and every response in paragraphs 1 through 89 of this answer as if fully set forth herein.

91.     Deny each and every allegation of paragraph 91 of the complaint.

92.     Deny each and every allegation of paragraph 92 of the complaint.

93.     Deny each and every allegation of paragraph 93 of the complaint.

94.     Deny each and every allegation of paragraph 94 of the complaint.

95.     Deny each and every allegation of paragraph 95 of the complaint.

96.     With respect to the allegations of paragraph 96 of the complaint, repeat and reallege each and every response in paragraphs 1 through 95 of this answer as if fully set forth herein.

97.     Deny each and every allegation of paragraph 97 of the complaint.

98.     Deny each and every allegation of paragraph 98 of the complaint.

99.     With respect to the allegations of paragraph 99 of the complaint, repeat and reallege each and every response in paragraphs 1 through 98 of this answer as if fully set forth herein.

100.     Deny each and every allegation of paragraph 100 of the complaint.

101.     Deny each and every allegation of paragraph 101 of the complaint.

102.     Deny each and every allegation of paragraph 102 of the complaint.

103.    Deny each and every allegation of paragraph 103 of the complaint.

104.    With respect to the allegations of paragraph 104 of the complaint, repeat and reallege each and every response in paragraphs 1 through 103 of this answer as if fully set forth herein.

105.    Deny each and every allegation of paragraph 105 of the complaint.

106.    With respect to the allegations of paragraph 106 of the complaint, repeat and reallege each and every response in paragraphs 1 through 105 of this answer as if fully set forth herein.

107.    Deny each and every allegation of paragraph 107 of the complaint.

108.    Deny each and every allegation of paragraph 108 of the complaint, except respectfully refer the Court to the Transcon Recording Agreement for a complete statement of its alleged terms and conditions.

109.    Deny each and every allegation of paragraph 109 of the complaint.

110.    Deny each and every allegation of paragraph 110 of the complaint.

111.    Deny each and every allegation of paragraph 111 of the complaint.

112.    Deny each and every allegation of paragraph 112 of the complaint.

113.    With respect to the allegations of paragraph 113 of the complaint, repeat and reallege each and every response in paragraphs 1 through 112 of this answer as if fully set forth herein.

114.    Deny each and every allegation of paragraph 114 of the complaint.

115.    With respect to the allegations of paragraph 115 of the complaint, repeat and reallege each and every response in paragraphs 1 through 114 of this answer as if fully set forth herein.

116.   Deny each and every allegation of paragraph 116 of the complaint.

117.   Deny each and every allegation of paragraph 117 of the complaint.

118.   With respect to the allegations of paragraph 118 of the complaint, repeat and reallege each and every response in paragraphs 1 through 117 of this answer as if fully set forth herein.

119.   Deny each and every allegation of paragraph 119 of the complaint.

120.   Deny each and every allegation of paragraph 120 of the complaint.

121.   Deny each and every allegation of paragraph 121 of the complaint.

122.   With respect to the allegations of paragraph 122 of the complaint, repeat and reallege each and every response in paragraphs 1 through 121 of this answer as if fully set forth herein.

123.   Deny each and every allegation of paragraph 123 of the complaint.

124.   Deny each and every allegation of paragraph 124 of the complaint.

125.   Deny each and every allegation of paragraph 125 of the complaint.

126.   Deny each and every allegation of paragraph 126 of the complaint.

127.   Deny each and every allegation of paragraph 127 of the complaint.

128.   Deny each and every allegation of paragraph 128 of the complaint.

129.   With respect to the allegations of paragraph 129 of the complaint, repeat and reallege each and every response in paragraphs 1 through 128 of this answer as if fully set forth herein.

130.   Deny knowledge or information sufficient to form a belief as to truth of each and every allegation of paragraph 130 of the complaint.

14

131.    Deny knowledge or information sufficient to form a belief as to truth of each and every allegation of paragraph 131 of the complaint.

132.    Deny each and every allegation of paragraph 132 of the complaint.

133.    Deny each and every allegation of paragraph 133 of the complaint.

134.    With respect to the allegations of paragraph 134 of the complaint, repeat and reallege each and every response in paragraphs 1 through 133 of this answer as if fully set forth herein.

135.    Deny each and every allegation of paragraph 135 of the complaint.

136.    Deny each and every allegation of paragraph 136 of the complaint.

137.    Deny each and every allegation of paragraph 137 of the complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

138.    This Court lacks personal jurisdiction over Clive Calder.

**SECOND DEFENSE**

139.    The complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

140.    The contracts on which plaintiffs' claims depend are the product of plaintiffs' breach of fiduciary duty, undue influence, fraud, and overreaching. On information and belief, Pearlman procured those contracts by false representations known by Pearlman to be false when made and made by him for the purpose of inducing 'N SYNC to rely on them, which 'N SYNC did to their detriment. These false representations included statements by Pearlman misstating his share of any revenues to

15

be earned by 'N SYNC, mischaracterizing his role in the contracts, and concealing his interest in corporations. In addition, the contracts violate all standards of minimal decency in the music industry by, among other things, (a) purporting to give Pearlman and Transcon irrevocable control over 'N SYNC's career, (b) purporting to create various self-dealing arrangements entitling Pearlman and Transcon to unreasonably high royalties and commissions, and (c) misappropriating 'N SYNC's name. On information and belief, by uniquely embracing Pearlman's actions and attempting to exploit Pearlman's misconduct for their own benefit, BMG Music and BMG Ariola have aided and abetted this egregious misconduct. By reason of the foregoing, plaintiffs' claims are barred by fraud, breach of fiduciary duty, unconscionability and unclean hands.

FOURTH DEFENSE

141. Plaintiffs lack standing to assert a claim under section 32 of the Lanham Act, 15 U.S.C. § 1114, because no plaintiff is a registrant or assignee of a registrant of any mark alleged in the complaint, including without limit, 'N SYNC.

FIFTH DEFENSE

142. Plaintiffs have no claim for relief based on or arising out of the name 'N SYNC because plaintiffs have no interest in the 'N SYNC mark, which is owned solely by the members of 'N SYNC.

SIXTH DEFENSE

143. Upon termination of the Transcon Recording Agreement, no plaintiff sought relief in any court or other tribunal. By reason of the same, plaintiffs' claims are barred in whole or in part by the doctrine of laches.

16

## SEVENTH DEFENSE

144.    Upon termination of the Transcon Recording Agreement, no plaintiff sought relief in any court or other tribunal.  By reason of the same, plaintiffs' claims are barred in whole or in part by the doctrines of waiver and equitable estoppel.

## EIGHTH DEFENSE

145.    Plaintiffs' claims are barred by the doctrine of fair use.

## NINTH DEFENSE

146.    Plaintiffs' claims are barred by reason of the fact that the use of the 'N SYNC name to apply to any persons other than the members of 'N SYNC would constitute a fraud on the public.

## TENTH DEFENSE

147.    Plaintiffs have not been injured by reason of any conduct by Zomba or Calder.

WHEREFORE, defendants Zomba and Calder demand judgment as follows:

(i)    against plaintiff on all claims alleged in the Complaint;

(ii)    dismissing this action in its entirety;

(iii)    awarding to Zomba and Calder the costs, disbursements and attorneys' fees incurred in this action; and

(iv)    granting Zomba and Calder such other and further relief as this Court may deem just and proper.

Dated:    Orlando, Florida
          November 2, 1999

GRAY, HARRIS & ROBINSON, P.A.

By: _____
Jeffrey D. Keiner (Bar No. 181678)

Suite 1200
201 East Pine Street
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880


-- and --


PAUL, WEISS, RIFKIND, WHARTON & GARRISON


By: _____
Gerard E. Harper
Melanie H. Stein
Robyn Tarnofsky

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Attorneys for Defendants Zomba Recording
Corporation and Clive Calder

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was mailed via first class U.S. Mail on this 2nd day of November, 1999, to: **J. Cheney Mason, Esquire, William B. Pringle, III, Esquire**, 390 North Orange Avenue, Suite 2100, Orlando, Florida 32801, **Michael D. Friedman, Esquire, Sharon H. Stern, Esquire**, Parke, Chapin, Flattau & Klinpl, LLP, 1211 Avenue of the Americas, New York , New York 10033, **William B. Wilson, Esquire**, 200 South Orange Avenue, Suite 2600, Orlando, Florida 32802-1526, **Steven M. Hayes, Esquire**, 500 Fifth Avenue, 38th Floor, New York, New York 10110, **David B. King, Esquire, Mayanne Downs, Esquire, Thomas A. Zehnder, Esquire**, King, Blackwell & Downs, P.A., Post Office Box 1631, Orlando, Florida 32802-1631, Co-Counsel for Defendants, Bass, Chasez, Fatone, Jr., Kirkpatrick, and Timberlake, **Philip Baker-Shenk, Esquire, Helene Freeman, Esquire, Richard Albert, Esquire**, Dorsey & Whitney, LLP, 250 Park Avenue, 15th Floor, New York, New York 10177, Co-Counsel for Defendants, Bass, Chasez, Fatone, Jr., Kirkpatrick, and Timberlake

JEFFREY D. KEINER, ESQUIRE
Florida Bar No. 181678
FRANK A. HAMNER, ESQUIRE
Florida Bar No. 0059153
GRAY, HARRIS & ROBINSON, P.A.
Suite 1200, 201 E. Pine Street
Post Office Box 3068
Orlando, Florida 32802-3068
Phone: (407) 843-8880
and
GERARD E. HARPER, ESQUIRE
MELANIE H. STEIN, ESQUIRE
ROBYN F. TARNOFSKY, ESQUIRE
PAUL, WEISS, RIFKIND, WHARTON
       & GARRISON
1258 Avenue of the Americas
New York, New York 10019-6064
Attorneys for Defendants, ZOMBA
RECORDING CORPORATION and
CLIVE CALDER

CIVIL ACTION NO. 99-1282-CIV-ORL-22C
TRANS CONTINENTAL RECORDS, INC.,
BMG ENTERTAINMENT, BMG ARIOLA
MUENCHEN GmbH, TRANS CONTINENTAL
ENTERTAINMENT, INC., and LOUIS J. PEARLMAN,
vs.
ZOMBA RECORDING CORPORATION, CLIVE
CALDER, et al.