UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

-----------------------------------------------------------------X

TRANS CONTINENTAL RECORDS, INC.,
BMG ENTERTAINMENT, BMG ARIOLA
MUENCHEN GmbH, TRANS CONTINENTAL
ENTERTAINMENT, INC. and LOUIS J.
PEARLMAN,

       Plaintiffs,

-against-

ZOMBA RECORDING CORPORATION,
CLIVE CALDER, JAMES LANCE BASS,
JOSHUA SCOTT CHASEZ, JOSEPH
ANTHONY FATONE, JR., CHRISTOPHER
ALAN KIRKPATRICK, and JUSTIN
RANDALL TIMBERLAKE,

       Defendants.

-----------------------------------------------------------------X

99-1282-Civ-Orl-22C

**DECLARATION OF STEPHEN G. JANOSKI IN OPPOSITION TO THE MOTION FOR A PRELIMINARY INJUNCTION**

FILED
99 NOV 22 PM 3:37

I, STEPHEN G. JANOSKI, hereby declare under penalty of perjury:

1. I am an attorney admitted to practice in the District of Columbia and am presently an associate in the Washington, D. C. office of Dorsey & Whitney LLP. Prior to joining Dorsey & Whitney LLP, I was a Trademark Examining Attorney in the U. S. Patent & Trademark Office of the Department of Commerce and an associate at Abelman, Frayne and Schwab, a firm specializing in trademark law in New York City. As a Trademark Examining Attorney, I was responsible for reviewing and passing upon the propriety of applications to register trademarks and amendments thereto. I have

throughout my legal career specialized in trademark registration, prosecution, licensing and litigation. I am fully familiar with the Lanham Act trademark registration provisions and the U.S. Patent & Trademark Office practices thereunder.

2. I understand that plaintiffs' claim that the members of 'N SYNC have admitted that they had not used the mark 'N SYNC prior to May 1999 because I filed an intent-to-use trademark application on their behalf under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b) in May 1999. The contention is contrary to the plain terms of the statute and the practices of the U. S. Patent & Trademark Office thereunder.

3. An intent-to-use application does not speak to use at all and no inference may be drawn from the filing of an intent-to-use application as to first use of the mark in commerce.

4. Section 1(c) of the Act, 15 U.S.C. § 1051(c), plainly provides that an applicant who has filed an intent-to-use application may later amend its application, transforming it to one based on actual use and claiming the benefits of any use prior to the filing date.

5. The rules of the U.S. Patent & Trademark Office promulgated under the statute, likewise, provide that an intent-to-use application may be amended at any time after filing and prior to the approval of the application for publication to allege actual use. 37 C. F. R. § 2.76; Trademark Manual of Examining Procedures §§ 903.01 and 904 (2nd ed. 1997).

6. Because of the extensive delay in examination and approval of applications for registration in the U.S. Patent & Trademark Office and the procedural advantages of being the first to file an application for trademark registration, an intent-to-use application is frequently utilized to begin the lengthy process while the necessary evidence of actual use in commerce is collected for later submission as part of an application to amend to allege actual use.

7. This is the procedure which I followed in this case. Thus, I filed an intent-to-use application while I secured specimens of the goods and services recited in the application including, among other things, the J card for 'N SYNC's demo made and distributed in October 1995, the flyer advertising the group's performance in Orlando on October 22, 1995 and the cover of the videotape of that performance.

8. An amendment to the intent-to-use application has been prepared in accordance with 37 C. F. R. § 2.76, a copy of which is annexed hereto, which will be submitted to the U.S. Patent & Trademark Office contemporaneously with the hearing on plaintiffs' motion for a preliminary injunction.

9. I am advised that plaintiffs both claim priority of use relating back to 1992 based on the mark **-N-SYNC, INC. and N Design**, United States Registration No. 1,843,498 and object to our filing of a petition to cancel United States Registration No. 1,843,498 based on the fact that the mark **-N-SYNC, INC. and N Design** has been abandoned. Under Section 7(c) of the Lanham Act, 15 U.S.C. 1057(c), the owner of a registered mark enjoys priority only insofar as the mark is used in the form registered for

the goods or services specified in the registration. Neither Mr. Pearlman nor the plaintiffs have used the mark as registered. Thus, they can have no priority based on the registration. Furthermore, under Section 45 of the Act, 15 U.S.C. 1127, nonuse of a mark for three consecutive years constitutes prima facie evidence of abandonment. Since plaintiffs have not used the mark as registered for more than three consecutive years and the registered owner has clearly not used it for more than three years, the mark has been abandoned as defined by the statute. The mere licensing of the mark does not constitute use. Pursuant to the clear abandonment of the mark -N-SYNC, INC. and N Design as registered, the 'N Sync defendants have properly moved for cancellation of United States Registration No. 1,843,498 by filing a petition for cancellation with the Trademark Trial and Appeal Board of the U.S. Patent & Trademark Office in accordance with Section 14 of the Act, 15 U.S.C. 1064, and the regulations promulgated thereunder.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of November, 1999 at Washington, D.C.

STEPHEN G. JANOSKI

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | ) |
| James Lance Bass | ) |
| Joshua Scott Chasez | ) |
| Justin Randall Timberlake | ) |
| Joseph Anthony Fatone, Jr. | ) |
| Christopher Alan Kirkpatrick | ) |
| Mark: 'N SYNC | ) |
| Serial No. | ) |
| Filed: May 24, 1999 | ) |

## AMENDMENT TO ALLEGE USE UNDER 37 CFR 2.76

Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513

Sir:

The above-identified Applicants request registration of the above-identified mark in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946.

Applicants are using the mark in <u>interstate commerce</u> on or in connection with the following goods:

MUSICAL SOUND RECORDINGS; PRERECORDED RECORDS, AUDIO CASSETTES, COMPACT DISCS AND CD-ROMS FEATURING MUSIC AND LYRICS; PRERECORDED VIDEO TAPES FEATURING MUSICAL ENTERTAINMENT; LASER DISCS FEATURING MUSICAL ENTERTAINMENT; VIDEO DISCS FEATURING MUSICAL ENTERTAINMENT; MULTIMEDIA SOFTWARE RECORDED ON CD-ROM FEATURING MUSICAL ENTERTAINMENT in International Class 9;

JEWELRY; EARRINGS AND EAR CLIPS; CLOCKS AND WATCHES; ORNAMENTAL PINS; CHAINS; BRACELETS; MEDALS; RINGS; NECKLACES; CIGARETTE LIGHTERS AND CIGARETTE CASES; CUFF LINKS; PENDANTS; BELT BUCKLES; CHARMS in International Class 14;

BOOKS, NEWSLETTERS, PAMPHLETS, MAGAZINES, MAGAZINE

**SUPPLEMENTS ALL IN THE FIELD OF ENTERTAINMENT AND MUSIC; SHEET MUSIC; POSTERS; STICKERS; DECALS; NOTE CARDS, STATIONERY, CALENDARS; TRADING CARDS; MOUNTED AND UNMOUNTED PHOTOGRAPHS; TEMPORARY TATTOOS** in International Class 16;

**CLOTHING NAMELY, NAMELY, HATS, CAPS, VISORS, HEADBANDS, HOODS, SCARVES, NECKTIES, MUFFLERS, SHIRTS, T-SHIRTS, BLOUSES, PULLOVERS, TOPS, JACKETS, PARKAS, COATS, SWEATERS, VESTS, SWEAT SHIRTS, PANTS, SWEAT PANTS, SHORTS, BOTTOMS, SKIRTS, DRESSES; UNDERWEAR, NAMELY, BOXER SHORTS, UNDERSHORTS, UNDERPANTS, BRAS; SOCKS, HOSIERY; FOOTWEAR, NAMELY, SHOES AND BOOTS; GLOVES, MITTENS; SWIMWEAR, BEACHWEAR; LEOTARDS, LEGGINGS, TIGHTS; PAJAMAS, ROBES, LOUNGEWEAR; BELTS** in International Class 25; and

**ENTERTAINMENT IN THE NATURE OF LIVE PERFORMANCES BY A MUSICAL GROUP** in International Class 41

The mark was first used on the following dates for each class of goods and services:

| | |
|---|---|
| International Class 9: | October 1995 |
| International Class 14: | 1998 |
| International Class 16: | At least as early as June 1998 |
| International Class 25: | October 1995 |
| International Class 41: | August 1995 |

and first used in <u>interstate commerce</u> on the following dates for each class of goods and services:

| | |
|---|---|
| International Class 9: | At least as early as November 1995 |
| International Class 14: | At least as early as March 1999 |
| International Class 16: | At least as early as July 1998 |
| International Class 25: | October 22, 1995 |
| International Class 41: | October 22, 1995 |

and is now in use in such commerce.

The mark is used on containers and packaging for the goods, on labels affixed to the goods, or on the goods themselves; and on advertisements for the services. Three specimens showing the mark as actually used in each class are presented herewith.

The fee of $500 is submitted herewith. Please debit any deficiency or credit any overpayment to our deposit account no. 04-1425 and refer to our client number 449126-1.

## DECLARATION

The undersigned have been warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declare that they the applicants are citizens of the United States, and that they believe they are the owners of the mark sought to be registered; the trademark and/or service mark is now in use in commerce; and that all statements made herein of their own knowledge are true and that all statements made on information and belief are believed to be true.

Executed on _____, 1999

_____
James Lance Bass

Executed on _____, 1999

_____
Joshua Scott Chasez

Executed on _____, 1999

_____
Justin Randall Timberlake

Executed on _____, 1999

_____
Joseph Anthony Fatone, Jr.

Executed on _____, 1999

_____
Christopher Alan Kirkpatrick