UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

------------------------------------------------------------

TRANS CONTINENTAL RECORDS, INC., BMG
ENTERTAINMENT, BMG ARIOLA MUENCHEN
GmbH, TRANS CONTINENTAL
ENTERTAINMENT, INC. and LOUIS J.
PEARLMAN,

                           Plaintiffs,

          -against-

ZOMBA RECORDING CORPORATION, CLIVE
CALDER, JAMES LANCE BASS, JOSHUA
SCOTT CHASEZ, JOSEPH ANTHONY FATONE,
JR., CHRISTOPHER ALAN KIRKPATRICK, and
JUSTIN RANDALL TIMBERLAKE,

                        Defendants.

------------------------------------------------------------



99-1282-Civ-Orl-22C

**DECLARATION OF
BARRY J. BRETT
IN SUPPORT OF
PLAINTIFFS' MOTION
FOR A PRELIMINARY
INJUNCTION**

I, BARRY J. BRETT, declare under penalties of jury that:

1.       I am a member of Parker Chapin Flattau & Klimpl, LLP, of counsel to plaintiffs Louis J. Pearlman, Trans Continental Records, Inc. and Trans Continental Entertainment, Inc. I submit this declaration in further support of plaintiffs' motion for a preliminary injunction.

2.       Annexed hereto as Exhibit "A" is a true copy of the order of the Honorable Anne C. Thompson, Chief Judge of the United States District Court for the District of New Jersey, entered on October 28, 1999, in the action entitled "Louis J. Pearlman v. -N-Sync, Inc. and Richard E. Ford," Civil No. 99-4729 (AET), granting the motion of Louis J. Pearlman for a preliminary injunction to maintain Mr. Pearlman's exclusive trademark license

75

of the U.S. trademark N Sync, Inc. and Design in full force and effect based upon the demonstration of a sufficient likelihood of success on the merits. The preliminary injunction remains in effect and the final hearing has been adjourned, without date, pending the Court's consideration of plaintiff's motion for summary judgment.

3.        Annexed hereto as Exhibit "B" is a true copy of the Petition of defendants James Lance Bass, Joshua Scott Chasez, Joseph Anthony Fatone, Jr., Christopher Alan Kirkpatrick and Justin Randall Timberlake, filed with the United States Patent and Trademark Office ("PTO") on September 30, 1999, against -N- Sync, Inc., registrant of U.S. Trademark Registration No. 1,843,498 for the trademark -N- Sync, Inc. and Design, seeking cancellation of said trademark.

4.        Annexed hereto as Exhibit "C" is a true copy of the Joint Application for Combined Trademark and Service Mark Registration Based Upon Intent to Use the mark "'N SYNC" of the defendants James Lance Bass, Joshua Scott Chasez, Joseph Anthony Fatone, Jr., Christopher Alan Kirkpatrick and Justin Randall Timberlake, filed with the PTO on May 24, 1999.

5.        Annexed hereto as Exhibit "D" is a true copy of the Petition For Approval of Contracts, dated March 5, 1996, filed by Lynn Boman Harless, as parental guardian, in the Matter of Justin Randall Timberlake, a minor, in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida Probate Division .

6.        Annexed hereto as Exhibit "E" is a true copy of the Petition For Approval of Contracts, dated March 12, 1996, filed by Diane P. Bass, as parental guardian, in

the Matter of James Lance Bass, a minor, in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida Probate Division.

I declare under penalty of perjury under the laws of the United States that the foregoing is true.  Executed this 19th day of November, 1999 at New York, New York.

BARRY J. BRETT



UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ENTERED**

LOUIS J. PEARLMAN,

Plaintiff,

v.

-N- SYNC, INC. and RICHARD E. FORD,

Defendants.

Civil No. 99-4729 (AET)

**ORDER**

This matter having come before the Court on an Order to Show Cause why a preliminary injunction should not be entered; and the Court finding that plaintiff has demonstrated a sufficient likelihood of success on the merits under <u>Maldonado v. Houstoun</u>, 157 F.3d 179, 184 (3d Cir. 1998), <u>cert. denied</u> 119 S. Ct. 1802 (1999); and for other good cause shown,

It is on this 26 day of October, 1999,

**ORDERED** that on Tuesday, November 16, 1999, the parties shall appear before this Court for a final hearing on the claims and counter-claims asserted in this case; during the hearing, the parties may present live witnesses in support of their claims; and it is further,

**ORDERED** that written submissions pertaining to the hearing should be filed on or before November 8, 1999; and it is further,

**ORDERED** that the temporary restraints entered by the Court on October 7, 1999 shall continue in full force and effect as a preliminary injunction pending the outcome of the hearing described above.

FILED

ANNE E. THOMPSON, U.S.D.J.

OCT 27 1999

AT 8:30
WILLIAM T. WALSH
CLERK



Assistant Commissioner for Trademarks
U.S. Trademark Trial and Appeal Board

From:   Dorsey & Whitney, LLP
        1001 Pennsylvania Avenue NW; Suite 300 South
        Washington, D.C., 20004
        Tel. 202-824-8866

*91498*
_____
Dorsey & Whitney Filing Number

September 30, 1999
Filing Date

---

DEPOSIT ACCOUNT AUTHORIZATION

_x_  Please debit any other charges or credit any

overpayment to Deposit Acct No. 04-1425

and cite our Ref. No.  449126-1

_____
              Jocelyn G. Bolling

Application/Registration No. :   1,843,498

Opposition/Cancellation No.:   _____

Trademark:   -N- SYNC INC. & DESIGN

Client No.   449126-1

---

The following items/fees are submitted herewith to the U.S. Patent & Trademark Office:

**ITEMS**                                      **U.S. PTO FEES ENCLOSED**

| | | |
|---|---|---|
| x | Transmittal Letter | |
| _ | Response | ____ No Fee |
| _ | Amendment | ____ Extension Fee |
| _ | Notice of Opposition (in triplicate) | ____ Notice of Opposition Fee |
| x | Petition to Cancel (in triplicate) | x___ Petition to Cancel Fee |
| _ | Request for Extension of Time to Oppose (in triplicate) | ____ Notice of Appeal Fee |
| _ | Answer to Notice of Opposition | $1,000.00  TOTAL FEES ENCLOSED |
| _ | Withdrawal of Motion for Dismissal for Failure to Prosecute | |
| _ | Stipulated Motion for Amendments to Applications and Notice of Withdrawal of Application | |
| _ | Power of Attorney | |
| _ | Notice of Appeal | |
| _ | Change of Attorney's Address | |
| _ | Notice of Withdrawal of Application | |
| _ | Consented Motion for Enlargement of Time and Resetting Discovery, Testimony Periods, and Briefing Schedule | |

09-30-1999
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #26

ORIGINAL

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

---------------------------------------------------------X

In re Registration of:

-N- SYNC, INC.

**09-30-1999**

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #26

Registration No.     1,843,498

Registration Date:     July 5, 1994                  :

Mark:          -N- SYNC INC. and N Design     :

---------------------------------------------------------X

JAMES LANCE BASS                               :
JOSHUA SCOTT CHASEZ
JUSTIN RANDALL TIMBERLAKE       :
JOSEPH ANTHONY FATONE, JR.
CHRISTOPHER ALAN KIRKPATRICK,     :

      Petitioner,                          :

      v.                                  :     Cancellation No. Not Yet Assigned

-N- SYNC, INC.,                                :

      Respondent.                        :

---------------------------------------------------------X

## PETITION FOR CANCELLATION

James Lance Bass (hereinafter, Petitioner), an individual United States citizen, with his

principal address at 104 West Easthaven Circle, Brandon, MS 39042, Joshua Scott Chasez

(hereinafter, Petitioner), an individual United States citizen, with his principal address at 2746

Woodruff Drive, Orlando, FL 32837, Justin Randall Timberlake (hereinafter, Petitioner), an

individual United States citizen, with his principal address at 303 Fawn Lake Drive, Millington,

10/04/1999 FMACK1   00000232 1843498
01 FC:376                    1000.00 OP



TN 38053, Joseph Anthony Fatone, Jr.(hereinafter, Petitioner), an individual United States citizen, with his principal address at 2746 Woodruff Drive, Orlando, FL 32837, and Christopher Alan Kirkpatrick (hereinafter, Petitioner), an individual United States citizen, with his principal address at 7300 West Point Blvd., Apt. 723, Orlando, FL 32835 (hereinafter, Petitioner) believes that he is or will be damaged by the above-identified registration, and pursuant to Rule 2.111 of the Trademark Rules of Practice, hereby jointly petitions for the cancellation thereof.

The specific grounds for cancellation are as follows:

1.      On information and belief, based on extensive investigations and telephone inquiries, -N- SYNC, INC. (hereinafter, "Respondent"), has abandoned all rights, title and interest to US Trademark Registration No. 1,843,498 for the trademark -N- SYNC INC. and N Design covering "prerecorded phonograph recordings, video cassette tapes, audio cassette tapes and compact discs featuring music" (hereinafter, Respondent's Goods)" under Section 14 (3) of the Trademark Act, 15 U.S. C. 1064(3).

2.      Petitioner jointly is a musical entertainment group.

3.      Petitioner is the owner of a pending United States Application No. 75/712,737, filed on May 24, 1999, for the combined trademark and service mark 'N SYNC for goods and services consisting of "musical sound recordings; prerecorded records, audio cassettes, compact discs and CD-ROMs featuring music and lyrics; prerecorded video tapes featuring musical entertainment; laser discs featuring musical entertainment; video discs featuring musical entertainment; multimedia software recorded on CD-ROM featuring musical entertainment in International Class 9; jewelry; earrings and ear clips; clocks and watches; ornamental pins;

2

chains; bracelets; medals; rings; necklaces; cigarette lighters and cigarette cases; cuff links; pendants; belt buckles; charms in International Class 14; books, newsletters, pamphlets, magazines, magazine supplements all in the field of entertainment and music; sheet music; posters; stickers; decals; note cards, stationery, calendars; trading cards; mounted and unmounted photographs; temporary tattoos in International Class 16; clothing namely, namely, hats, caps, visors, headbands, hoods, scarves, neckties, mufflers, shirts, t-shirts, blouses, pullovers, tops, jackets, parkas, coats, sweaters, vests, sweat shirts, pants, sweat pants, shorts, bottoms, skirts, dresses; underwear, namely, boxer shorts, undershorts, underpants, bras; socks, hosiery; footwear, namely, shoes and boots; gloves, mittens; swimwear, beachwear; leotards, leggings, tights; pajamas, robes, loungewear; belts in International Class 25.(hereinafter Petitioner's Goods and Services)."

4.     The trademark for which Respondent has obtained registration; namely, the mark -N- SYNC INC. and N Design, so resembles Petitioner's combined trademark and service mark 'N SYNC, as to be likely to cause confusion or to cause mistake or to deceive.

5.     Respondent's Goods identified by its registered trademark -N- SYNC INC. and Design are in part identical to and in part very closely related to Petitioner's Goods and Services identified by its combined trademark and service mark, and as a result, purchasers and prospective purchasers encountering such similar or identical goods or services, sold or promoted under marks which are so similar in nature, are likely to be confused, mistaken or deceived.

6.     Petitioner is being and will be damaged by the continued registration of the trademark -N- SYNC INC. and Design as shown in, and for the Goods specified in, the above-identified registration because purchasers and prospective purchasers will believe, contrary to fact, that (a) Respondent's Goods emanate from Petitioner, or (b) Respondent is licensed or

3

endorsed or sponsored by, or is otherwise affiliated or connected with Petitioner, to the detriment of Petitioner.

WHEREFORE, Petitioner respectfully prays that this Petition for Cancellation be granted and that Registration No. 1,843,498 be canceled. This Petition is submitted in duplicate, together with a filing fee in the amount of $1000.00. Please debit any additional fee or credit any overpayment to the deposit account of the undersigned, Account No. 04-1425 and refer to our docket number 449126-1.

Respectfully submitted,

DORSEY & WHITNEY LLP

Attorneys for Petitioner
1001 Pennsylvania Avenue, N.W.
Suite 300 South
Washington, D.C. 20004
Telephone: (202) 824-8800
Facsimile: (202) 824-8990

Dated: September 30, 1999

By: _____
Philip Baker-Shenk
Stephen G. Janoski

4



TRADEMARK APPLICATION SERIAL NO **75712737**

SEA000

## U.S. DEPARTMENT OF COMMERCE
## PATENT AND TRADEMARK OFFICE
### FEE RECORD SHEET

06/14/1999 FMEE1   00000021 75712737

01 FC:261           1225.00 OP

PTO-1555
(5/87)

Express Mail Certificate for Trademarks

From:      Dorsey & Whitney, LLP
           1330 Connecticut Avenue NW; Suite 200
           Washington, D.C.  20036
           Tel. 202-452-6971

*9115I*

Dorsey & Whitney Filing Number

Atty. Docket No.  649126-0001

Application/Registration No. : NEW APPLICATION

Opposition/Cancellation No.:

May 24, 1999
Filing Date

Trademark: 'N SYNC

The following items/fees are submitted herewith to the U.S. Patent & Trademark Office:

ITEMS

U.S. PTO FEES ENCLOSED

| | | | |
|---|---|---|---|
| X | Transmittal Sheet | _____ | Filing Fee |
| x | New U.S. TM Application incl. 0 specimens per cl. | X | New Application Fee |
| ___ | Declaration, Power of Attorney, Drawing Page and return postcard | _____ | Recordation |
| ___ | Priority Document - Cert. copy of Application | _____ | Extension Fee |
| ___ | Request for Reinstatement of Application | _____ | Notice of Opposition Fee |
| ___ | Response or Amendment | _____ | Petition to Cancel Fee |
| ___ | Request to Divide Application | _____ | TM Statement of Use Fee |
| ___ | Request for Extension of Time | _____ | § 8 Affidavit Fee |
| ___ | Statement of Use with 3 specimens per class | _____ | §§ 8 and 15 Affidavit Fee |
| ___ | Declaration under §§ 8 & 15 incl. One specimen | _____ | TM Renewal Application Fee |
| ___ | TM renewal Application incl. specimens (1 per cl) | _____ | Expedited Processing Fee |
| ___ | Assignment with Cover Sheet | _____ | Amendment to Allege Use Fee |
| ___ | Amendment to Allege Use with 6 specimens | _____ | Fee to Amend Mark |
| ___ | Power of Attorney | _____ | Request to Divide Application |
| ___ | Request to Divide Application | _____ | Additional Class Fee |
| ___ | Change of Attorney Address | _____ | No Fee |

$1225.00    Total Fees Enclosed
Check Number   1801

DEPOSIT ACCOUNT AUTHORIZATION

x   Please debit any other charges or credit any overpayment to Deposit Acct No. 04-1425 and cite our Ref. No.  449126-1



COMBINED

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### Joint Application for Combined Trademark and Service Mark Registration
### Based On Intent To Use

Mark        :   'N SYNC

Int. Classes.:   9, 14, 16, 25, and 41

Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513

INT CLASS

9   16
    25
14  41

    James Lance Bass
    104 West Easthaven Circle
    Brandon, MS 39042

A Citizen of the United States;

    Joshua Scott Chasez
    2746 Woodruff Dr.
    Orlando, FL 32837

A Citizen of the United States;

    Justin Randall Timberlake
    303 Fawn Lake Drive
    Millington, TN 38053

A Citizen of the United States;

    Joseph Anthony Fatone, Jr.
    2746 Woodruff Dr.
    Orlando, FL 32837

A Citizen of the United States; and

    Christopher Alan Kirkpatrick
    7300 West Point Blvd.
    Apt. 723
    Orlando, FL 32835

A Citizen of the United States

The above-identified joint applicants have a bona fide intention to use the combined trademark and

service mark shown in the accompanying drawing in commerce on or in connection with
MUSICAL SOUND RECORDINGS; PRERECORDED RECORDS, AUDIO CASSETTES,
COMPACT DISCS AND CD-ROMS FEATURING MUSIC AND LYRICS; PRERECORDED
VIDEO TAPES FEATURING MUSICAL ENTERTAINMENT; LASER DISCS FEATURING
MUSICAL ENTERTAINMENT; VIDEO DISCS FEATURING MUSICAL ENTERTAINMENT;
MULTIMEDIA SOFTWARE RECORDED ON CD-ROM FEATURING MUSICAL
ENTERTAINMENT in International Class 9;

JEWELRY; EARRINGS AND EAR CLIPS; CLOCKS AND WATCHES; ORNAMENTAL
PINS; CHAINS; BRACELETS; MEDALS; RINGS; NECKLACES; CIGARETTE LIGHTERS
AND CIGARETTE CASES; CUFF LINKS; PENDANTS; BELT BUCKLES; CHARMS in
International Class 14;

BOOKS, NEWSLETTERS, PAMPHLETS, MAGAZINES, MAGAZINE SUPPLEMENTS ALL
IN THE FIELD OF ENTERTAINMENT AND MUSIC; SHEET MUSIC; POSTERS;
STICKERS; DECALS; NOTE CARDS, STATIONERY, CALENDARS; TRADING CARDS;
MOUNTED AND UNMOUNTED PHOTOGRAPHS; TEMPORARY TATTOOS in International
Class 16;

CLOTHING NAMELY, NAMELY, HATS, CAPS, VISORS, HEADBANDS, HOODS,
SCARVES, NECKTIES, MUFFLERS, SHIRTS, T-SHIRTS, BLOUSES, PULLOVERS, TOPS,
JACKETS, PARKAS, COATS, SWEATERS, VESTS, SWEAT SHIRTS, PANTS, SWEAT

-2-

PANTS, SHORTS, BOTTOMS, SKIRTS, DRESSES; UNDERWEAR, NAMELY, BOXER SHORTS, UNDERSHORTS, UNDERPANTS, BRAS; SOCKS, HOSIERY; FOOTWEAR, NAMELY, SHOES AND BOOTS; GLOVES, MITTENS; SWIMWEAR, BEACHWEAR; LEOTARDS, LEGGINGS, TIGHTS; PAJAMAS, ROBES, LOUNGEWEAR; BELTS in International Class 25; and

ENTERTAINMENT IN THE NATURE OF LIVE PERFORMANCES BY A MUSICAL GROUP in International Class 41; and request that said mark be registered in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946, under § 1(b), 15 U.S.C.§ 1051(b).

The mark will be used on containers and packaging for goods, on labels affixed to the goods, or on the goods themselves; the mark will be used on advertisements for the services; and the required filing fee is submitted herewith.   In the event that this fee is deficient in any respect, please charge any additional required amount to Deposit Account 04-1425 and refer to our reference 449126-1.

## POWER OF ATTORNEY

The joint applicants hereby appoint STEPHEN G. JANOSKI, ALDO NOTO, and PHILIP BAKER-SHENK of DORSEY & WHITNEY LLP, 1330 Connecticut Avenue, N.W., Suite 200, Washington, D.C.  20036 (Tel: 202-452-6933; Fax: 202-857-0569), with full power of substitution and revocation, to prosecute this application to register, to transact all business in the U.S. Patent and Trademark Office in connection therewith, and to receive the Certificate of Registration.

-3-

## DECLARATION

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, each declares that he believes he and each other joint applicant is the owner of the mark sought to be registered, or, if the application is being filed under 15 U.S.C. 1051(b), he believes he and each other joint applicant are entitled to use such mark in commerce; to the best of his knowledge and belief no other person, firm, corporation, or association has the right to use the above identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive; and all statements made of his own knowledge are true and all statements made on information and belief are believed to be true.

Dated: May 24, 1999     By: _____
                             James Lance Bass

Dated: May 24, 1999     By: _____
                             Joshua Scott Chasez

Dated: May 24, 1999     By: _____
                             Justin Randall Timberlake

Dated: May 24, 1999     By: _____
                             Joseph Anthony Fatone, Jr.

Dated: May 24, 1999     By: _____
                             Christopher Alan Kirkpatrick

-4-

05-24-1999

U.S. Patent & TradeMark Mail Rcpt Dt. R___

## COMBINED

Joint Applicants: James Lance Bass
104 West Easthaven Circle
Brandon, MS 39042

Joshua Scott Chasez
2746 Woodruff Dr.
Orlando, FL 32837

Justin Randall Timberlake
303 Fawn Lake Drive
Millington, TN 38053

Joseph Anthony Fatone, Jr.
2746 Woodruff Dr.
Orlando, FL 32837

Christopher Alan Kirkpatrick
7300 West Point Blvd.
Apt. 723
Orlando, FL 32835

INT CLASS

| 9 | 14 |
|---|---|

| 16 | 25 | 41 |
|---|---|---|

Goods and Services: Musical sound recordings; prerecorded records, radio tapes, compact discs and CD-ROMS featuring music and lyrics; prerecorded video tapes featuring musical entertainment; laser discs featuring musical entertainment...in International Class 9;

Jewelry; earrings and ear clips; clocks and watches; ornamental pins; chains; bracelets; medals; rings; necklaces; cigarette lighters and cigarette cases; cuff links; pendants; belt buckles; charms in International Class 14;

Books, newsletters, pamphlets, magazines, magazine supplements all in the field of entertainment and music; sheet music; posters; stickers; decals... in International Class 16;

Clothing namely, hats, caps, visors, headbands, hoods, scarves, neckties, mufflers, shirts, t-shirts, blouses, pullovers, tops, jackets, parkas, coats,...in International Class 25; and

Entertainment in the nature of live performances by a musical group in International Class 41

'N SYNC

STEPHEN G. JANOSKI
ALDO NOTO
PHILIP BAKER-SHENK
DORSEY & WHITNEY LLP
1330 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
Tel: 202-452-6933; Fax: 202-857-0569

## TRADEMARK

75712737



IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR ORANGE
COUNTY, FLORIDA

CASE NO.:

PROBATE DIVISION

IN RE:      THE MATTER OF

JUSTIN RANDALL TIMBERLAKE,

a minor,

_____/

## PETITION FOR APPROVAL OF CONTRACTS

COMES NOW the Petitioner, LYNN BOMAR HARLESS (hereinafter the "Petitioner"), as the mother and as a natural guardian of a minor, JUSTIN RANDALL TIMBERLAKE (hereinafter the "Minor"), who petitions this Court, pursuant to Florida Statutes 743.08 and 743.09, for an order approving certain contracts under which the minor is to perform or render artistic or creative services as a musician, vocalist, or other performing artist, and under which the minor may perform other services or engage in other activities as more specifically described in Florida Statute 743.08, Sections (1) (a)-(e). Petitioner states her grounds as follows:

1.      The Minor's full name is JUSTIN RANDALL TIMBERLAKE, and the minor resides at 8006 Palm Lake Drive, Orlando, Florida 32819. The minor is 15 years of age, and the minor's date of birth is January 31, 1981.

2.      The names of the Minor's natural parents are the LYNN BOMAR HARLESS, mother, and CHARLES RANDALL TIMBERLAKE, father. The minor's natural mother and stepfather, PAUL E. HARLESS, have care and custody of the minor, and reside with the minor at the aforesaid address 8006 Palm Lake Drive, Orlando, Florida 32819. Additionally, the natural mother, stepfather and minor maintain a residence at 303 Fawn Lake Drive, Millington, Tennessee 38053.

1

3.    Pursuant to Florida Statute 743.08, it is appropriate for this Court to consider approving the contracts subject to this Petition because the minor maintains a residence in the State of Florida, and because the services to be performed or rendered by the Minor pursuant to said contracts shall be performed or rendered by the Minor in the State of Florida.

4.    The minor is a member of a musical group known as " 'N SYNC ".  The three (3) contracts of the minor which are sought to be approved under this Petition  (and which are attached hereto as Exhibits "A", "B", and "C", respectively) are:

(A)    A "Stockholders Agreement" dated October 6, 1995, by and among the six (6) shareholders of the Delaware Corporation " 'N SYNC, INC. ", to-wit:  The minor, JUSTIN RANDALL TIMBERLAKE; the remaining members of the musical group " 'N SYNC " (CHRISTOPHER ALAN KIRKPATRICK, JOSHUA SCOTT CHASEZ, JOSEPH ANTHONY FATONE, JR., and JAMES LANCE BASS, a minor); and LOUIS J. PEARLMAN (individually), President of TRANS CONTINENTAL RECORDS, INC.  The business address of the corporation is 9235 Ridge Pine Trail, Orlando, Florida 32819.  The corporation was created to be the business entity which receives and distributes income from the musical group's recording activities.  Pursuant to the "Stockholders Agreement" referenced in this section, each above-referenced stockholder owns one-hundred (100) shares of the corporation's six hundred (600) authorized shares of common stock.  The compensation to be paid to the minor under this "Stockholders Agreement" shall be the minor's pro-rata (1/6) share (based upon stockholder interest) of the Corporation's net profits.  Due to the speculative nature of the recording industry, and the fact that the musical group " 'N SYNC " has no prior history in the recording industry, the amount of compensation to be paid the minor under this "Stockholder's Agreement" (as well as the gross earnings, estimated outlays and estimated net earnings of the corporation) is not subject to precise calculation at this time.

(B)    A "Stockholders Agreement" dated October 6, 1995, by and among the eight (8) shareholders of the Delaware Corporation " 'N SYNC PRODUCTIONS, INC. ", to-wit:  The minor, JUSTIN RANDALL TIMBERLAKE; the remaining members of the musical group " 'N

2

SYNC " (CHRISTOPHER ALAN KIRKPATRICK, JOSHUA SCOTT CHASEZ, JOSEPH ANTHONY FATONE, JR., and JAMES LANCE BASS, a minor), TRANS CONTINENTAL, INC., a corporation; TRANS CONTINENTAL RECORDS, INC., a corporation; and LOUIS J. PEARLMAN (individually), President of TRANS CONTINENTAL RECORDS, INC.  The business address of the corporation is 9235 Ridge Pine Trail, Orlando, Florida 32819.  The corporation was created to be the business entity which receives and distributes income from the musical group's merchandising activities.  Pursuant to the "Stockholders Agreement" referenced in this section, each above-referenced stockholder owns one-hundred (100) shares of the corporation's eight hundred (800) authorized shares of common stock.  The compensation to be paid to the minor under this "Stockholders Agreement" shall be the minor's pro-rata (1/8) share (based upon stockholder interest) of the Corporation's net profits.  Due to the speculative nature of the merchandising industry, and the fact that the musical group " 'N SYNC " has no prior history in the merchandising industry, the amount of compensation to be paid the minor under this "Stockholder's Agreement" (as well as the gross earnings, estimated outlays and estimated net earnings of the corporation) is not subject to precise calculation at this time.

(C)     An "Exclusive Artist Recording Agreement" dated October 6, 1995, by and between TRANS CONTINENTAL RECORDS, INC. (the "Record Company"), on the one hand, and the individual members of " 'N SYNC " (to wit:  the minor, JUSTIN RANDALL TIMBERLAKE, CHRISTOPHER ALAN KIRKPATRICK, JOSHUA SCOTT CHASEZ, JOSEPH ANTHONY FATONE, JR., and JAMES LANCE BASS, a minor), on the other.  Pursuant to the "Exclusive Artist Recording Agreement", the Minor shall be rendering exclusive services as a performing artist to the Record Company for the purpose of making musical recordings, pursuant to terms and conditions contained in the agreement.  Additionally, pursuant to the "Exclusive Artist Recording Agreement", the minor shall be assigning one-hundred percent (100%) of music publishing rights (but not songwriter royalties) in musical compositions written or co-written by the minor to the Record Company or to a publishing company designated by the Record Company.  The compensation to be paid to the minor under the

3

"Exclusive Artist Recording Agreement" shall be derived from artist royalties paid to the musical group " 'N SYNC " (more specifically described in Section 9 of the Agreement, which provides, among other things, that the musical group shall be paid fifty percent (50%) of all net royalties received by the Record Company in connection from the sales of the musical group's master recordings. Additionally, the musical group shall receive cash advances against royalties (to be divided equally amongst the members of the group) upon the commencement and completion of each "album" recorded under the "Exclusive Artist Recording Agreement" (more specifically described in Section 6 of the Agreement). Furthermore, the minor may receive songwriter royalties from any musical compositions written or co-written by the minor during the term of the Agreement. Due to the speculative nature of the recording and songwriting industries, and the fact that the musical group " 'N SYNC " has no prior history in the recording and songwriting industries, the amount of compensation ultimately paid the minor pursuant to the "Exclusive Artist Recording Agreement" is not subject to precise calculation at this time.

5.      Pursuant to Florida Statute 743.08(4)(e), The "Exclusive Artist Recording Agreement" shall be amended (only with respect to the subject minor, JUSTIN RANDALL TIMBERLAKE, and with respect to the other minor member of the group, JAMES LANCE BASS), by way of a sideletter to said agreement, to reflect that the term of the agreement under which the minors shall render services shall not extend for a period of more than three (3) years from the date of the approval of the agreement.

6.      Other covenants or conditions in the "Exclusive Artist Recording Agreement" regarding the minor which extend beyond three (3) years are:

(A)     The minor's assignment of one-hundred percent (100%) of music publishing rights (but not songwriting royalties) in musical compositions written or co-written by the minor to the Record Company or to a publishing company designated by the Record Company. Traditionally, assignments of music publishing rights in musical compositions extend for the duration of the copyrights in said musical compositions.

4

(B)     A "re-recording restriction" contained in section 13.02 of the Agreement, which provides that the musical group " 'N SYNC " shall not re-record (for any person or firm except the Record Company) any musical composition previously recorded for the Record Company under the Agreement for the latter of: (i) the date five (5) years after the recording of the composition for the Record Company, or (ii) the date two (2) years after the expiration of the term of the Agreement.

The Petitioner believes that the covenants or conditions in the "Exclusive Artist Recording Agreement" regarding the minor (referenced in this section) which extend beyond three (3) years are fair, reasonable and consistent with industry standards.  Furthermore, said covenants and conditions were the result of arms-length negotiations and are not prohibited by Florida Statute 743.08, or by any other law.

7.     In the future, the Petitioner, LYNN BOMAR HARLESS, may have an interest in the minor's performance under the above-referenced contracts.  The Petitioner may be engaged by the musical group " 'N SYNC " to perform services as a tour manager and/or merchandising coordinator.

8.     The Petitioner believes the above-referenced contracts are reasonable and in the minor's best interests because the above-referenced Record Company, TRANS CONTINENTAL RECORDS, INC., and said corporation's president, LOUIS J. PEARLMAN, have extensive experience in the entertainment and communications industries, as well as in other businesses. Furthermore, the Record Company and its president have invested substantial sums of money and services in the career of the minor and the other members of the musical group. Additionally, the Petitioner engaged the services of independent legal counsel in Memphis, Tennessee, and Los Angeles, California, to review and negotiate the above-referenced contracts.

9.     Nothing contained in the above-referenced agreements provides for an employment, use, or exhibition of the minor, within or without the state, which is prohibited by law and in particular by any federal or state child labor law, and could not be licensed to take place in this state.

5

10.    Prior to the filing of this Petition, the minor has never had a guardian appointed by a Court of any jurisdiction with respect to the property of the minor.  However, the minor has had a contract approved by a Court in the State of California in connection with the minor's previous employment as a cast member for the television program "The New Mickey Mouse Club".

WHEREFORE, the Petitioner, LYNN BOMAR HARLESS, moves this Court for an order approving the above-referenced contracts, and granting such other and further relief as the Court may deem just and proper.

Signed on _*March 5*_____, 1996.

_____
Petitioner

TN 57025822
_____
Petitioner's  Tennessee Driver's License Number

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to and subscribed to before me on _____*March 5*_____, 1996, by Petitioner, who produced a valid Tennessee Driver's License as identification, and who stated that she executed the foregoing Petition for Approval of Contracts for the reasons stated therein.

_____
Notary Public, State of Florida
My Commission Expires:
My Commission Number is:

JENNIFER A ROBERTS
My Commission CC487817
Expires May. 24, 1999
Bonded by HAI
800-422-1865

6

GALLOWAY & QUALMANN, P.A.

By: Christopher R. Qualmann, Esquire
255 South Orange Avenue, Suite 1590
Orlando, Florida 32801
Florida Bar No.: 405256
Telephone: (407) 425-9787
Fax: (407) 425-9094

Attorneys for Petitioner,
LYNN BOMAR HARLESS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, Pursuant to Florida Statute 743.09, Sections (1)(c) 1-6, that a copy of the foregoing Petition for Approval of Contracts has been served on the following individuals, by U.S. mail, this _28th_ day of March, 1996:

Justin Randall Timberlake (Minor)
8006 Palm Lake Drive
Orlando, Florida 32819

Charles Randall Timberlake (Natural Father of the Minor)
4404 Hunters Glen West
Memphis, TN 38128

Paul B. Harless (Stepfather of the Minor, Husband of Petitioner)
303 Fawn Lake Drive
Millington, TN 38053

Lynn Bomar Harless (Petitioner, Natural Mother of the Minor)
8006 Palm Lake Drive
Orlando, Florida 32819



IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR ORANGE
COUNTY, FLORIDA

CASE NO.: PR96-594

PROBATE DIVISION

IN RE:        THE MATTER OF

JAMES LANCE BASS,

a minor,

_____/

## PETITION FOR APPROVAL OF CONTRACTS

COMES NOW the Petitioner, DIANE P. BASS (hereinafter the "Petitioner"), as the
mother and as a natural guardian of a minor, JAMES LANCE BASS (hereinafter the "Minor"),
who petitions this Court, pursuant to Florida Statutes 743.08 and 743.09, for an order approving
certain contracts under which the minor is to perform or render artistic or creative services as a
musician, vocalist, or other performing artist, and under which the minor may perform other
services or engage in other activities as more specifically described in Florida Statute 743.08,
Sections (1) (a)-(e). Petitioner states her grounds as follows:

1.      The Minor's full name is JAMES LANCE BASS, and the minor currently resides
at 8006 Palm Lake Drive, Orlando, Florida 32819.  The minor is 16 years of age, and the minor's
date of birth is May 4, 1979.

2.      The names of the Minor's natural parents are DIANE P. BASS, mother, and
JAMES I. BASS, father.  At the Minor's Florida residence referenced in paragraph 1, above, the
Minor is under the care and supervision of LYNN BOMAR HARLESS, and her husband, PAUL
E. HARLESS.  The Minor maintains an additional residence with his natural parents, DIANE P.
BASS and JAMES I. BASS at 111 Newport Circle, Clinton, Mississippi 39056.

3.      Pursuant to Florida Statute 743.08, it is appropriate for this Court to consider
approving the contracts subject to this Petition because the minor maintains a residence in the

1

State of Florida, and because the services to be performed or rendered by the Minor pursuant to said contracts shall be performed or rendered by the Minor in the State of Florida.

4.    The minor is a member of a musical group known as " 'N SYNC ". The three (3) contracts of the minor which are sought to be approved under this Petition (and which are attached hereto as Exhibits "A", "B", and "C", respectively) are:

(A)    A "Stockholders Agreement" dated October 6, 1995, by and among the six (6) shareholders of the Delaware Corporation " 'N SYNC, INC. ", to-wit:  The minor, JAMES LANCE BASS; the remaining members of the musical group " 'N SYNC " (CHRISTOPHER ALAN KIRKPATRICK, JOSHUA SCOTT CHASEZ, JOSEPH ANTHONY FATONE, JR., and JUSTIN RANDALL TIMBERLAKE, a minor); and LOUIS J. PEARLMAN (individually), President of TRANS CONTINENTAL RECORDS, INC.  The business address of the corporation is 9235 Ridge Pine Trail, Orlando, Florida 32819.  The corporation was created to be the business entity which receives and distributes income from the musical group's recording activities.  Pursuant to the "Stockholders Agreement" referenced in this section, each above-referenced stockholder owns one-hundred (100) shares of the corporation's six hundred (600) authorized shares of common stock.  The compensation to be paid to the minor under this "Stockholders Agreement" shall be the minor's pro-rata (1/6) share (based upon stockholder interest) of the Corporation's net profits.  Due to the speculative nature of the recording industry, and the fact that the musical group " 'N SYNC " has no prior history in the recording industry, the amount of compensation to be paid the minor under this "Stockholder's Agreement" (as well as the gross earnings, estimated outlays and estimated net earnings of the corporation) is not subject to precise calculation at this time.

(B)    A "Stockholders Agreement" dated October 6, 1995, by and among the eight (8) shareholders of the Delaware Corporation " 'N SYNC PRODUCTIONS, INC. ", to-wit:  The minor, JAMES LANCE BASS; the remaining members of the musical group " 'N SYNC " (CHRISTOPHER ALAN KIRKPATRICK, JOSHUA SCOTT CHASEZ, JOSEPH ANTHONY FATONE, JR., and JUSTIN RANDALL TIMBERLAKE, a minor), TRANS CONTINENTAL,

2

INC., a corporation; TRANS CONTINENTAL RECORDS, INC., a corporation; and LOUIS J. PEARLMAN (individually), President of TRANS CONTINENTAL RECORDS, INC. The business address of the corporation is 9235 Ridge Pine Trail, Orlando, Florida 32819. The corporation was created to be the business entity which receives and distributes income from the musical group's merchandising activities. Pursuant to the "Stockholders Agreement" referenced in this section, each above-referenced stockholder owns one-hundred (100) shares of the corporation's eight hundred (800) authorized shares of common stock. The compensation to be paid to the minor under this "Stockholders Agreement" shall be the minor's pro-rata (1/8) share (based upon stockholder interest) of the Corporation's net profits. Due to the speculative nature of the merchandising industry, and the fact that the musical group " 'N SYNC " has no prior history in the merchandising industry, the amount of compensation to be paid the minor under this "Stockholder's Agreement" (as well as the gross earnings, estimated outlays and estimated net earnings of the corporation) is not subject to precise calculation at this time.

(C) An "Exclusive Artist Recording Agreement" dated October 6, 1995, by and between TRANS CONTINENTAL RECORDS, INC. (the "Record Company"), on the one hand, and the individual members of " 'N SYNC " (to wit:  the minor, JAMES LANCE BASS, CHRISTOPHER ALAN KIRKPATRICK, JOSHUA SCOTT CHASEZ, JOSEPH ANTHONY FATONE, JR., and JUSTIN RANDALL TIMBERLAKE, a minor), on the other.  Pursuant to the "Exclusive Artist Recording Agreement", the Minor shall be rendering exclusive services as a performing artist to the Record Company for the purpose of making musical recordings, pursuant to terms and conditions contained in the agreement. Additionally, pursuant to the "Exclusive Artist Recording Agreement", the minor shall be assigning one-hundred percent (100%) of music publishing rights (but not songwriter royalties) in musical compositions written or co-written by the minor to the Record Company or to a publishing company designated by the Record Company.  The compensation to be paid to the minor under the "Exclusive Artist Recording Agreement" shall be derived from artist royalties paid to the musical group " 'N SYNC " (more specifically described in Section 9 of the Agreement, which provides, among other things, that

3

the musical group shall be paid fifty percent (50%) of all net royalties received by the Record Company from the sales of the musical group's master recordings). Additionally, the musical group shall receive cash advances against royalties (to be divided equally amongst the members of the group) upon the commencement and completion of each "album" recorded under the "Exclusive Artist Recording Agreement" (more specifically described in Section 6 of the Agreement). Furthermore, the minor may receive songwriter royalties from any musical compositions written or co-written by the minor during the term of the Agreement. Due to the speculative nature of the recording and songwriting industries, and the fact that the musical group " 'N SYNC " has no prior history in the recording and songwriting industries, the amount of compensation ultimately paid the minor pursuant to the "Exclusive Artist Recording Agreement" is not subject to precise calculation at this time.

5.      Pursuant to Florida Statute 743.08(4)(e), the "Exclusive Artist Recording Agreement" shall be amended (only with respect to the subject minor, JAMES LANCE BASS, and with respect to the other minor member of the group, JUSTIN RANDALL TIMBERLAKE), by way of a sideletter to said agreement, to reflect that the term of the agreement under which the minors shall render services shall not extend for a period of more than three (3) years from the date of the approval of the agreement.

6.      Other covenants or conditions in the "Exclusive Artist Recording Agreement" regarding the minor which extend beyond three (3) years are:

(A)     The minor's assignment of one-hundred percent (100%) of music publishing rights (but not songwriting royalties) in musical compositions written or co-written by the minor to the Record Company or to a publishing company designated by the Record Company. Traditionally, assignments of music publishing rights in musical compositions extend for the duration of the copyrights in said musical compositions.

(B)     A "re-recording restriction" contained in section 13.02 of the Agreement, which provides that the musical group " 'N SYNC " shall not re-record (for any person or firm except the Record Company) any musical composition previously recorded for the Record Company

4

under the Agreement for the latter of: (i) the date five (5) years after the recording of the composition for the Record Company, or (ii) the date two (2) years after the expiration of the term of the Agreement.

The Petitioner believes that the covenants or conditions in the "Exclusive Artist Recording Agreement" regarding the minor (referenced in this section) which extend beyond three (3) years are fair, reasonable and consistent with industry standards. Furthermore, said covenants and conditions were the result of arms-length negotiations and are not prohibited by Florida Statute 743.08, or by any other law.

7.  In the future, the Petitioner, DIANE P. BASS, may have an interest in the minor's performance under the above-referenced contracts. The Petitioner may be engaged by the musical group " 'N SYNC " to assist with the logistics of the musical group's touring, recording and merchandising activities.

8.  The Petitioner believes the above-referenced contracts are reasonable and in the minor's best interests because the above-referenced Record Company, TRANS CONTINENTAL RECORDS, INC., and said corporation's president, LOUIS J. PEARLMAN, have extensive experience in the entertainment and communications industries, as well as in other businesses. Furthermore, the Record Company and its president have invested substantial sums of money and services in the career of the minor and the other members of the musical group. Additionally, the Petitioner engaged the services of independent legal counsel in Jackson, Mississippi, to review and negotiate the above-referenced contracts.

9.  Nothing contained in the above-referenced agreements provides for an employment, use, or exhibition of the minor, within or without the state, which is prohibited by law and in particular by any federal or state child labor law, and could not be licensed to take place in this state.

10.  Prior to the filing of this Petition, the minor has never had a guardian appointed by a Court of any jurisdiction with respect to the property of the minor.

5

WHEREFORE, the Petitioner, DIANE P. BASS moves this Court for an order approving the above-referenced contracts, and granting such other and further relief as the Court may deem just and proper.

Signed on _March 12_, 1996.

_Diane P. Bass_
Petitioner

_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_
Petitioner's Mississippi Driver's License Number

STATE OF FLORIDA
COUNTY OF ORANGE

Sworn to and subscribed to before me on _March 12_, 1996, by Petitioner, who produced a valid Mississippi Driver's License as identification, and who stated that she executed the foregoing Petition for Approval of Contracts for the reasons stated therein.

_Jennifer A. Roberts_
Notary Public, State of Florida
My Commission Expires:
My Commission Number is:

JENNIFER A ROBERTS
My Commission CC467917
Expires May. 24, 1999
Bonded by HAI
800-422-1555

6

GALLOWAY & QUALMANN, P.A.

By: Christopher R. Qualmann, Esquire
255 South Orange Avenue, Suite 1590
Orlando, Florida 32801
Florida Bar No.: 405256
Telephone: (407) 425-9787
Fax: (407) 425-9094

Attorneys for Petitioner,
DIANE P. BASS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, Pursuant to Florida Statute 743.09, Sections (1)(c) 1-6, that a copy of the foregoing Petition for Approval of Contracts has been served on the following individuals, by U.S. mail, this _____ day of March, 1996:

James Lance Bass (Minor)
8006 Palm Lake Drive
Orlando, Florida 32819

James L. Bass (Natural Father of the Minor)
111 Newport Circle
Clinton, Mississippi 39056

Diane P. Bass (Petitioner, Natural Mother of the Minor)
111 Newport Circle
Clinton, Mississippi 39056

7