THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRANS CONTINENTAL RECORDS, INC.,
BMG ENTERTAINMENT, BMG ARIOLA
MUENCHEN GmbH, TRANS CONTINENTAL
ENTERTAINMENT, INC., and LOUIS J.
PEARLMAN,

    Plaintiffs,

vs.

ZOMBA RECORDING CORPORATION,
CLIVE CALDER, JAMES LANCE BASS,
JOSHUA SCOTT CHASEZ, JOSEPH
ANTHONY FATONE, JR., CHRISTOPHER
ALAN KIRKPATRICK and JUSTIN
RANDALL TIMBERLAKE,

    Defendants.
_____/

CIVIL ACTION NO.
99-1282-CIV-ORL-22C

**MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY
AND TO SUPPLEMENT THE RECORD RELATIVE TO
TRANS CONTINENTAL PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION**

COME NOW the Plaintiffs, TRANS CONTINENTAL RECORDS, INC., TRANS CONTINENTAL ENTERTAINMENT, INC., and LOUIS J. PEARLMAN, (collectively the "Trans Continental Plaintiffs"), by and through undersigned counsel, pursuant to Local Rule 3.01, and respectfully move this Court for leave to conduct expedited discovery and to supplement the record relative to Trans Continental Plaintiffs' Motion for Preliminary Injunction as follows:

1.    The Trans Continental Plaintiffs respectfully submit certain declarations filed by Defendants in opposition to Plaintiffs' Motion contain inadmissable hearsay, legally incompetent proof and improper argument contrary to the Federal Rules of Evidence.

2. The Trans Continental Plaintiffs respectfully request leave of Court to conduct expedited discovery which would include the opportunity to cross examine all witnesses in this proceeding who have delivered declarations in opposition to Trans Continental Plaintiffs' Motion for Preliminary Injunction.

3. Additionally, Trans Continental Plaintiffs would request leave of court to serve declarations to respond specifically to this Court's own inquiries made at the hearing on November 24, 1999.

4. Based upon the inquiries made by this Court, the undersigned counsel in good faith believes that they have the ability to supplement the record with additional declarations that would establish categorically the following:

    a. That the contracts entered into by the boys were knowingly and intelligently entered into with the independent advice of legal counsel.

    b. That the contracts entered into by the Group were in fact in compliance with industry standards at the time, particularly for "start up" and totally unproven products, i.e. the Group.

    c. Representations and declarations of Mr. Johnny Wright and some of the Group members as to advice and suggestions purportedly made by BMG executive, Jan Bolz, are according to Mr. Bolz, totally false and malicious.

    d. In fact, a close reading of the Pierfy Affidavit and supplemental affidavit sought to be presented to this Court

2

establish that Mr. Pearlman has made approximately a total of 3.4 million dollars while having an investment as high as 2.7 million dollars at one time. The boys have actually received in excess of $7,000,000.00 and Johnny Wright has received approximately 2.5 million dollars with no investment. In addition, all money received by Trans Continental goes into the general revenues which are required for the operation of the company which employees approximately fifty (50) people.

5. This Court needs to be advised that in direct response to certain statements made by the Court, news media (specifically Orlando Sentinel) on the next day reported a headline Business Section story that the Court had ruled against the Trans Continental Plaintiffs and confirming the right to use the name 'N Sync to the Group. Not only is this story erroneous as this Court has <u>not</u> ruled, but it was disseminated on the wire service Nationwide and in fact, upon information and belief, Worldwide.

6. Needless to say, this case has far-reaching implications throughout the entertainment industry and beyond. An adverse ruling in this regard could undermine the basic sanctity of contracts in the entertainment industry in that artists could view this Court's ruling as "open season" to simply ignore their contractual obligations. For example, during the pendency of Plaintiffs' Motions, Plaintiffs have received several inquiries from artists who are expressing their concern about various provisions in existing contracts which appear to be a precursor to contract renegotiations or even termination. The foregoing facts

3

demonstrate the irreparable injury at issue in this case. Moreover, the relative harm to Trans Continental is great given the fact that Trans Continental is a small company employing approximately fifty (50) employees.

7. Traditional notions of fair play and substantial justice warrant the granting of this Motion.

## MEMORANDUM OF LAW

This Motion sets forth an adequate basis for relief.

## COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for Trans Continental Plaintiffs have contacted opposing counsel in a good faith attempt to resolve issues raised by this Motion. Counsel have been unable to agree on the resolution of this Motion.

**WHEREFORE**, Plaintiffs, TRANS CONTINENTAL RECORDS, INC., TRANS CONTINENTAL ENTERTAINMENT, INC. and LOUIS J. PEARLMAN, respectfully request that this Court grant them leave to conduct expedited discovery and to supplement the record relative to Trans Continental Plaintiffs' Motion for Preliminary Injunction, and for such other and further relief as this Court deems just and proper.

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail delivery this 3d day of November, 1999 to the persons on the attached Service List.

4

_/s/ William B. Pringle, III_
William B. Pringle, III, Esq.
William B. Pringle, III, P.A.
390 North Orange Avenue
Suite 2100
Orlando, Florida  32801
Florida Bar No. 0777986

_/s/ J. Cheney Mason_
J. Cheney Mason, Esq.
J. Cheney Mason, Esq., P.A.
390 North Orange Avenue
Suite 2100
Orlando, Florida  32801
Florida Bar No. 131982

Attorneys for Plaintiffs
Trans Continental Records, Inc.
Trans Continental Entertainment,
Inc., and Louis J. Pearlman

5

SERVICE LIST

William B. Wilson, Esq.
Holland & Knight, LLP
200 South Orange Avenue, Suite 2600
Orlando, Florida  32802

Helene Freeman, Esq.
Dorsey & Whitney
250 Park Avenue, 15th Floor
New York, New York  10022

Melanie Stein, Esq.
Paul, Weiss, Rifkind, Wharton &
  Garrison
1285 Avenue of the Americas
Room 3123
New York, New York  10019

Jeffrey Keiner, Esq.
Gray, Harris & Robinson, P.A.
Post Office Box 3068
201 East Pine Street, Suite 1200
Orlando, Florida  32802

David B. King, Esq.
King, Blackwell & Downs, P.A.
Post Office Box 1631
Orlando, Florida  32802-1631

Michael D. Friedman, Esq.
Parker, Chapin, Flattau
  & Klimpl, LLP
1211 Avenue of the Americas
New York, New York  10036-8735

Stephen M. Hayes, Esq.
Parcher, Hayes & Snyder
500 Fifth Avenue
38th Floor
New York, NY  10110